■ FRANK P. McNALLY, INC., Respondent, v. ONTARIO FREIGHT LINES CORP., Appellant.— In an action to recover rent due under a lease of certain aluminum trailers and damages for breach of the lease, defendant lessee appeals from (a) an order of the Supreme Court, Kings County, dated August 19, 1966, which granted plaintiff's motion for summary judgment to the extent of awarding plaintiff $1,800 for the rent, directing an assessment as to the claim for damages and further directing defendant to return to plaintiff the trailers still in defendant's possession and (b) a judgment of said court entered October 18, 1966 in favor of plaintiff after such assessment of damages. Order modified, on the law, by striking from the first decretal paragraph the amount of $1,800 and the provision as to interest, and judgment modified, on the law and the facts, by reducing the amount thereof to $9,175, together with interest thereon from December 31, 1965 and taxable costs. As so modified, order and judgment affirmed, without costs. Defendant leased four trailers from plaintiff for a four-month period. The lease gave defendant the option to purchase the trailers, with a credit of 75% of the unpaid rental toward the purchase price. One of the trailers was returned during the period of the lease. The other three trailers were never returned. An assessment of damages was ordered in connection with Special Term's proper granting of plaintiff's motion for summary judgment. Defendant did not appear at the inquest. At the outset thereof, the court granted plaintiff's motion for leave to increase the *ad damnum* clause of the complaint. We are of the opinion that the granting of such motion, in the absence of notice to defendant, was an improvident exercise of discretion (cf. *Cox* v. *New York Tel. Co.*, 10 A D 2d 565; *Koi* v. *P. S. & M. Catering Corp.*, 15 A D 2d 775). By its failure to appear at the inquest, defendant apparently acquiesced in the entry of judgment against it in some amount up to that demanded in the complaint. Severe prejudice may be sustained, if, as here, a plaintiff is permitted, without notice, to increase the amount which may be awarded. The granting of the motion does not require reversal, as the damages which were awarded, although grossly excessive, are susceptible of reduction to a proper level by mathematical computation. Plaintiff was awarded the amount of rent for the lease period, less the rental actually paid and the rental of the returned truck for the period in which it was in plaintiff's possession, plus rent for the period between the termination of the lease and the date of the inquest, plus the value of the unreturned trailers. The true measure should have been indemnity for the plaintiff's actual pecuniary loss (*Reno* v. *Bull*, 226 N. Y. 546, 553). Plaintiff, as the injured party, was entitled to compensation measured by the damages which were reasonably contemplated by the parties at the time of the making of their contract and which are related to the breach (*Borden* v. *Chesterfield Farms*, 27 A D 2d, 165, 167). In this regard, the amounts established by the parties as the value of the trucks at the expiration of the rental period may be used as a measure of damages, since this is a standard which, as a practical matter, will be just to the parties (cf. *Spitz* v. *Lesser*, 302 N. Y. 490, 494). The damages sustained are determined

by computing the rental due and payable for the period of the lease, with a credit as to the rent for the returned trailer. The value of the trucks is fixed in the contract. This value, together with the rent payable for the contract period (with a credit adjustment of 75% of the rent due and payable and a further credit for rent actually paid), represents the proper measure of damages. Brennan, Acting P. J., Rabin, Hopkins, Benjamin and Munder, JJ., concur.