■ ROSE B. GLUCK et al., as Executrices of SAM BURLEIGH, Deceased, Respondents, v W. D. ALLEN MANUFACTURING Co., Appellant.—Order, Supreme Court, New York County, entered March 15, 1976 denying defendant's motion to vacate judgment, is unanimously reversed, on the facts and in the exercise of discretion, on the conditions hereinafter stated. And on said conditions: (a) the motion is granted to vacate the judgment herein signed November 6, 1975, and said judgment is vacated; (b) partial judgment is directed to be entered in favor of plaintiffs against defendant on the second cause of action in the sum of $7,659, with interest thereon from November 1, 1971, together with costs and disbursements; and (c) the remainder of the action is severed from the partial judgment and shall proceed. The conditions on which the foregoing relief is granted are that defendant shall within 20 days after the date of the entry of this order pay to plaintiffs at their attorneys' office the sum of $100 and shall within that time file a bond to secure the payment of any judgment that may be rendered herein in an amount not to exceed $25,607.34. The penal amount of the bond may be reduced by the amount of any payment that defendant shall actually make to plaintiffs on the partial judgment above directed. In the event that defendant fails to comply with the conditions stated within the time specified, then the order appealed from shall be modified, on the law, to the extent of reducing the judgment on the first cause of action from $9,525 with interest to $1,725 with interest thereon, and in all other respects, affirmed. Neither party shall recover costs of this appeal from the other. After a series of delays in depositions, for which defendant was responsible, defendant's second set of attorneys on October 8, 1975 informed the Trial Justice that they intended to move to be relieved as attorneys. The Trial Justice directed defendant's attorneys to inform their client that the case was set for trial on October 23, 1975; that if the attorneys were not paid by that date, the court would grant their motion to be relieved; but there would be no adjournment of trial and if substitute counsel was not ready to proceed, an immediate inquest would be ordered. On October 23, 1975, the defendant not having been heard from, the court relieved defendant's attorneys, proceeded forthwith with the inquest and directed judgment in favor of plaintiffs. That judgment was signed November 6, 1975. In fact defendant had arranged with other attorneys the day before the inquest to represent it; but for some reason the attorneys did not appear before the Trial Justice on the date of the inquest. Plaintiffs properly acted very promptly after the judgment was entered; they caused the judgment to be registered in Illinois which is where defendant has its place of business, and

caused an attachment to be levied in Illinois. On January 5, 1976, two months after the judgment, defendant moved to vacate the judgment. The Trial Justice, by order entered January 26, 1976, granted the motion to vacate the default on condition that within 20 days after the entry of the order the defendant should pay to plaintiffs $100 and should file a bond equal to the amount of the judgment. The last day to comply with these conditions was February 16, 1976. The conditions were not complied with by that date, and plaintiffs caused to be entered an ex parte order, filed February 24, 1976, denying the motion to vacate the default. On February 26, 1976, defendant filed the bond and tendered the $100 check; it was of course 10 days late in doing so. Plaintiffs rejected the check and the bond. Defendant promptly moved to vacate the judgment. The Trial Justice denied the motion and entered the order appealed from. Defendant rather reasonably explains the 10-day delay in complying with the conditions set by the Trial Justice by the problems of getting a bond for an Illinois company whose assets have been attached, and further states that the bond was dated February 20, 1976 but did not reach the New York attorneys until February 24, 1976. Although the Trial Justice apparently considered the 10-day delay to be the straw that broke the camel's back, we think the delay was sufficiently explained. Relief having been conditionally granted, we think that in these circumstances final judgment in the full amount on default is too severe a penalty for this last rather small and excusable default, especially as plaintiffs are fully protected in the collectability of any judgment. However, defendant has conceded that $7,659 was owed to plaintiffs in commissions on the second cause of action. Plaintiffs should have partial judgment for this amount. Defendant contends that there were recoverable payments of pension to plaintiffs' testator and that as a result there is a balance owed to defendant. But at best this constitutes subject matter for a counterclaim which is not asserted in defendant's answer, served in May, 1974. In the circumstances, we do not think that the partial judgment to which plaintiffs are entitled should be delayed because of this potential counterclaim. At the inquest the court granted a motion to amend the prayer for relief on the first cause of action from $1,725 to $9,525 and granted judgment for the increased amount. As the defendant had defaulted, it was error to grant this amendment or to grant judgment beyond that demanded in the complaint. (CPLR 3215, subd [b]; *Frank P. McNally, Inc. v Ontario Freight Lines Corp.,* 29 AD2d 678.) Settle order on notice. Concur—Murphy, J. P., Lupiano, Birns, Silverman and Lane, JJ.