◼ RAYMOND L. SANFORD, Appellant, v LESLIE E. POWERS, Respondent. (Appeal No. 1.) — Order unanimously affirmed, without costs. Memorandum: Essentially, plaintiff's complaint seeks a dissolution of his partnership with defendant, an accounting, a sale of partnership assets and a division of the proceeds thereof. Defendant's answer seeks similar relief. Upon defendant's alleged failure to have complied with an order of June 17, 1980, directing that he file a $50,000 undertaking, and his alleged failure to have co-operated with a receiver appointed pursuant to that order, plaintiff moved for a default judgment. Defendant submitted an answering affidavit in which he asserted his inability to procure the undertaking and further stated that he was not in possession of the property which was the subject of the receivership. Defendant's attorney did not attend argument of the motion because of his engagement in another court and his requests to be excused from an ongoing trial or for a further adjournment of the motion were denied. Plaintiff's motion was granted and a money judgment in the sum of $109,381.20 was entered against defendant on September 22, 1981. On defendant's motion made in May, 1982, Special Term vacated the default judgment. Plaintiff appeals, and we affirm. Plaintiff concedes in his brief that defendant's default was not in failing to appear or plead in the action, and it may not be said that defendant failed to proceed to trial because plaintiff had not yet filed a note of issue (see CPLR 3215, subd [a]). Plaintiff argues, however, that the default was the result of defendant's failure "to obey" the order of June 17, 1980. In our view, the appropriate remedy for enforcement of that order was to seek to have defendant punished for contempt (see CPLR 5104). In any event, the court which granted the default did not consider defendant's responsive affidavit and made no finding that defendant's alleged noncompliance with the order of June 17, 1980 constituted "other neglect to proceed" within the meaning of CPLR 3215 (subd [a]) (cf. Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3215:1, p 862). Moreover, the complaint does not seek the relief granted in the judgment. A default judgment cannot exceed in amount or differ in the kind of relief from that demanded in the complaint (CPLR 3215, subd [b]; Lape v Lape, 23 AD2d 539). Finally, plaintiff's claim that on the motion to vacate, defendant failed to show a meritorious cause is itself without merit. It is undisputed that plaintiff and defendant were partners and plaintiff's complaint implicitly acknowledges defendant's interest in the disposition of partnership property. Accordingly, the default judgment was properly vacated. (Appeal from order of Supreme Court, Erie County, Johnson, J. — vacate default judgment.) Present — Dillon, P. J., Callahan, Doerr and Boomer, JJ.

◼ RAYMOND L. SANFORD, Appellant, v LESLIE E. POWERS, Respondent. (Appeal No. 2.) — Order unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: Plaintiff filed a notice of appeal from an order vacating a default judgment. Thereafter an order of preclusion was entered conditioned upon plaintiff's serving a bill of particulars within 60 days of the service of the order. Plaintiff contends that it was an abuse of discretion to grant the preclusion order while his appeal was pending. We have now affirmed the order vacating the default judgment (see Sanford v Powers, 93 AD2d 985). Although we find that Special Term did not abuse its discretion in granting the order of preclusion, we modify the order, pursuant to CPLR 2004, only to extend plaintiff's time to serve the bill of particulars within 60 days from entry and service of a copy of the order herein.

(Appeal from order of Supreme Court, Erie County, Johnson, J. — preclusion.) Present — Dillon, P. J., Callahan, Doerr and Boomer, JJ.