■ JAMES FRASCATORE et al., Appellants, v JOHN MIONE et al., Respondents. — In an assault action to recover damages for personal injuries, etc., plaintiffs appeal from an order of the Supreme Court, Queens County (Durante, J.), dated March 7, 1983, which granted defendants' renewed motion to vacate a default judgment which had been entered against them. Order reversed, on the law, with costs, defendants' renewed motion denied, and default judgment reinstated, except that insofar as the judgment awards $15,000 to plaintiff Florence Frascatore, said amount is reduced to $10,000. Following defendants' failure to interpose an answer in this action, plaintiffs moved for leave to enter a default judgment. This motion was granted and an inquest date was set. Defendants moved to vacate their default, and Special Term (Graci, J.), denied the motion. Following the entry of judgment against defendants, they again sought to vacate the default judgment. This motion, which was in the nature of a motion for renewal or reargument, was again denied by Special Term (Durante, J.). A subsequent motion to renew was granted by Special Term (Durante, J.), and the default judgment was vacated. CPLR 2221 requires that a motion to renew or reargue shall be made to the Judge who signed the order,

and "[a] motion made to other than a proper judge under this rule shall be transferred to the proper judge". When defendants' first motion to vacate their default was denied by Justice Graci, they were obligated to address their second motion, which would have directly affected their prior order, to the same Judge (see Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2221:6, p 157; cf. CPLR 2217, subd [a]; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2217:1, pp 116-117). Thus, Justice Durante should not have addressed the motion that gave rise to the instant appeal. Even if we were to consider the merits of the motion, a reversal would still be required. The motion to renew should not have been granted because no new facts of any significance were alleged. Furthermore, the neglect of this action by defendants' attorneys was too extreme, and the excuses offered therefor unconvincing. Therefore, there was no justification for vacating the default in the exercise of discretion. We have amended the judgment to reflect the amount sought in the *ad damnum* clause (CPLR 3215, subd [b]). Mollen, P. J., Thompson, O'Connor and Boyers, JJ., concur.