■ PHILIP L. KAPINOS et al., Respondents, v HARRY ALVARADO et al., Appellants. (And Two Other Actions.)—In three consolidated actions to recover damages for personal injuries, the defendants in action No. 1, Harry Alvarado and Luna Baking Company, appeal, as limited by their brief, from so much of an order of the Supreme Court, Putnam County (Rubenfeld, J.), dated April 2, 1985, as, upon reargument, adhered to its original determination, dated December 6, 1984, which granted that branch of the motion of the plaintiffs in action No. 1 which was for leave to amend their complaint.

Order affirmed, insofar as appealed from, with costs.

The defendants' contention that Justice Rubenfeld abused his discretion in deciding that branch of the plaintiffs' motion which sought leave to amend their complaint is without merit. That order did not affect any prior order made in the action, and therefore CPLR 2221 was inapplicable (cf. Frascatore v Mione, 97 AD2d 809; Glover Bottled Gas Corp. v Local 282, 89 AD2d 1007).

The plaintiffs had previously moved for leave to amend their bill of particulars. Justice Rubenfeld properly referred that branch of the plaintiffs' omnibus motion which sought that relief to the Justice who had made the prior orders in the action.

The defendants' claim that Justice Rubenfeld abused his discretion in granting that branch of the motion which was for leave to amend the complaint is similarly unconvincing. The defendants are unable to show any surprise or prejudice directly resulting from the plaintiffs' delay in seeking to amend their complaint, or that the amendment is palpably insufficient (see, McCaskey, Davies & Assoc. v New York City Health & Hosps. Corp., 59 NY2d 755; Barnes v County of Nassau, 108 AD2d 50). Lazer, J. P., Mangano, Bracken and Kooper, JJ., concur.