■ P & K MARBLE, INC., Respondent, v ARTHUR PEARCE, Appellant.—In an action to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Nassau County (Kutner, J.), entered April 7, 1989, which, after a hearing, denied his motion to set aside a judgment of the same court, entered February 20, 1987, upon his default in appearing at the trial.

Ordered that the order is modified, on the law, by adding thereto a provision granting the motion to the extent of reducing the amount awarded from $36,392 to $17,000 and denying the motion in all other respects; as so modified, the order is affirmed, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Nassau County, for the entry of an amended judgment in accordance herewith.

A decision to vacate a default pursuant to CPLR 5015 (a) is generally left to the sound discretion of the Supreme Court *(see, Ehmer v Modernismo Publ.,* 120 AD2d 483, 484). The record herein indicates that the Supreme Court's determination to deny the defendant's application to vacate his default in appearing at the trial was not an improvident exercise of discretion *(see, Formichella v Formichella,* 134 AD2d 481). The hearing held on the defendant's motion in this case establishes that the default did not arise out of mere inadvertence or neglect but, rather, was the intended result of the conduct deliberately engaged in by the defense counsel *(see, Clarke v New Rochelle Hosp. Med. Center,* 149 AD2d 559; *Perellie v Crimson's Rest.,* 108 AD2d 903). Moreover, under the circumstances, the intentional conduct of the defendant's attorney must be imputed to the defendant *(see, Chery v Anthony,* 156 AD2d 414; *Greenwald v Zyvith,* 23 AD2d 201).

However, it is established law that "[a] default judgment cannot exceed in amount or differ in the kind of relief from

that demanded in the complaint" *(Sanford v Powers,* 93 AD2d 985; *see also, Frascatore v Mione,* 97 AD2d 809, 810; CPLR 3215 [b]). It is equally well established that "at an inquest, the court may not permit amendments of pleadings which would broaden the scope of the inquest and increase the amount of damages provable by the plaintiff" *(Recon Car Corp. v Chrysler Corp.,* 130 AD2d 725, 732; *see, Gluck v Allen Mfg. Co.,* 53 AD2d 584; *Frank P. McNally, Inc. v Ontario Frgt. Lines Corp.,* 29 AD2d 678) absent notice to the defendant. Thus, the court erred in allowing the plaintiff, without notice to the defendant, to amend its ad damnum clause at the inquest to increase the amount of damages sought from $17,000 to $36,392. Accordingly, the judgment must be modified to limit the award to the amount originally demanded in the complaint. Balletta, J. P., Miller, O'Brien and Ritter, JJ., concur.