■ DERRICK WILLIAMS, Respondent, v COLONIAL TRANSIT, INC., et al., Defendants, and KATHERINE RENNER, Appellant. [712 NYS2d 419] —In an action to recover damages for personal injuries, the defendant Katherine Renner appeals from (1) an order of the Supreme Court, Kings County (Hutcherson, J.), dated September 9, 1999, which denied her motion to vacate an order of the same court, dated February 21, 1996, granting the plaintiff's motion for leave to enter judgment against her upon her default in answering, and to dismiss the complaint insofar as asserted against her pursuant to CPLR 3215 (c), and (2) an order of the same court, also dated September 9, 1999, which denied her motion, in effect, for reargument.

Ordered that the appeal from the order dated September 9, 1999, which denied reargument, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated September 9, 1999, which denied the appellant's motion to vacate the order dated February 21, 1996, and to dismiss the complaint is reversed, on the law, the motion is granted, the order dated February 21, 1996, is vacated, the complaint is dismissed insofar as asserted against her, and the action against the remaining defendants is severed; and it is further,

Ordered that the appellant is awarded one bill of costs.

The plaintiff failed to move for leave to enter judgment against the appellant within one year after she defaulted in answering the complaint. Accordingly, the complaint insofar as asserted against the appellant was deemed abandoned (*see,* CPLR 3215 [c]; *Nevling v Chrysler Corp.,* 206 AD2d 221, 225). To avoid dismissal the plaintiff was required to offer a reasonable excuse for his failure to timely seek leave to enter a default judgment, and demonstrate the merits of his cause of action (*see, Akler v Booth Mem. Med. Ctr.,* 257 AD2d 640; *Winfield v Garenani,* 246 AD2d 537; *Eaves v Ocana,* 122 AD2d 18). Since the plaintiff failed to meet this burden, the Supreme Court should have granted the appellant's motion to vacate the order granting the plaintiff leave to enter judgment against her upon her default in answering, and dismissed the complaint insofar as asserted against her pursuant to CPLR 3215 (c) (*see, Duperval v Hoyle,* 472 AD2d 369; *Akler v Booth Mem. Med. Ctr., supra; Di Carlo v Bravo Tours,* 129 AD2d 552). Mangano, P. J., Santucci, Krausman, Florio and Schmidt, JJ., concur.