■ R.D. SMITHTOWN, L. L. C., Formerly Known as ALRON REALTY ASSOCIATES, L. L. C., Respondent, v LUCILLE ROBERTS FIGURE SALONS, INC., et al., Appellants. [716 NYS2d 693] —In an action, *inter alia*, to recover damages for breach of a lease, the defendants appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Lockman, J.), entered March 19, 1999, as directed a hearing to determine whether they were properly served in the action, and (2) from an order of the same court (Shifrin, R.), dated October 8, 1999, which, after a hearing, denied their motion, *inter alia*, to vacate a judgment of the same court (Roberto, J.), dated August 21, 1998, entered upon their failure to appear or answer.

Ordered that the appeal from the order entered March 19, 1999, is dismissed, without costs or disbursements, as the portion of the order appealed from is not appealable as of right and the defendants did not seek leave to appeal; and it is further,

Ordered that the order dated October 8, 1999, is modified, on the law, by deleting therefrom the provision denying that branch of the defendants' motion which was to vacate the judgment dated August 21, 1998, and substituting therefor a provision granting that branch of the motion; as so modified, the order dated October 8, 1999, is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for the entry of an appropriate amended judgment in accordance herewith.

The order entered March 19, 1999, which directs a judicial hearing to aid in the disposition of the motion does not decide the motion and does not affect a substantial right (see, CPLR 5701 [a] [2] [v]), and is, therefore, not appealable as of right.

The Supreme Court properly determined by a fair interpretation of the evidence that service of process was valid (see, Fashion Page v Zurich Ins. Co., 50 NY2d 265; Feeney v Booth Mem. Med. Ctr., 109 AD2d 865). Accordingly, the plaintiff is entitled to entry of judgment upon the defendants' default in answering.

However, the damages awarded after an inquest must be reduced to the principal sum of $166,734.60. The law is well settled that a default judgment may not award relief of a different kind than that demanded in the complaint (see, Neuman v Greenblatt, 260 AD2d 616; P & K Marble v Pearce, 168 AD2d 439, 440). Further, at an inquest, the court may not increase the amount of damages provable by the plaintiff absent notice to the defendant (see, P & K Marble v Pearce, supra).

In this case, the note of issue sought damages in the principal sum of $166,734.60. However, at the inquest, the Judicial Hearing Officer awarded $1,745,723.80, which included an award for unaccrued rents through the year 2008.

Here, the complaint did not state a claim to recover for unaccrued rents (see, CPLR 3215 [b]). Nor were the defendants on notice that the plaintiff would seek such relief (see, Neuman v Greenblatt, supra). In view of the foregoing, the matter is remitted to the Supreme Court, Nassau County, for the entry of an amended judgment in the principal sum of $166,734.60. Friedmann, J. P., Goldstein, H. Miller and Schmidt, JJ., concur.