■ HAMID I. LALANI et al., Respondents, v EDUARDO SANTIAGO et al., Appellants. [736 NYS2d 254] —In an action, inter alia, to recover damages for breach of contract, the defendants appeal from a judgment of the Supreme Court, Nassau County (Shifrin, R.), entered October 20, 2000, which, after an inquest and upon an order of the same court dated July 31, 2000, awarding the plaintiffs damages, is in favor of the plaintiffs and against them in the principal sum of $620,537.91. Cam Billing also appeals from the judgment.

Ordered that the defendants' notice of appeal from the order dated July 31, 2000, is deemed a premature notice of appeal from the judgment (see, CPLR 5520 [c]); and it is further,

Ordered that the appeal by Cam Billing is dismissed as it was deleted from the caption and the judgment by order of the same court dated December 3, 2001; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The plaintiffs commenced this action to recover damages for, among other things, the defendants' wrongful conduct in performing billing services for the plaintiffs' medical practice. The plaintiffs alleged that the defendants diverted money received and accounts receivable. The defendants failed to timely serve an answer and the plaintiffs were granted a judgment upon their default. This Court affirmed the order granting the plaintiffs judgment on default (see, Lalani v Santiago, 248 AD2d 595), and an inquest was held.

The record supports the award of damages for money collected and accounts receivable. Contrary to the defendants' contention, the complaint sought recovery for both money collected and accounts receivable which were diverted by the defendants. Thus, the court did not award relief which was not demanded in the complaint (cf., R.D. Smithtown v Lucille Roberts Figure Salons, 277 AD2d 439). The record also supports the determination as to the amount of the setoff to which the defendants were entitled.

The defendants' remaining contentions are either unpreserved for appellate review or without merit. Altman, J.P., Adams, Townes and Prudenti, JJ., concur.

■ MICHELLE MATISON, Individually and as Administrator of the Estate of ARELENE MATISON, Deceased, and as Parent and