■ GALINA PERELOMA, Appellant, v VADIM VALENTEYCHIK, Defendant, and ROMAN VEKSLER et al., Respondents. [836 NYS2d 247]—In an action, inter alia, to recover damages for fraud, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Barasch, J.H.O.), dated February 21, 2006, as, after an inquest, awarded her the principal sum of only $45,000 in damages and $23,000 in legal fees against the defendants Roman Veksler, Ludmila Martemyanova, Irene Martemyanova, and Sunshine Venture Corp.

Ordered that on the Court's own motion, the appellant's notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

Following an inquest on the issue of damages, the judicial hearing officer awarded the plaintiff, inter alia, compensatory damages in the sum of $45,000 based on the plaintiff's testimony to the effect that she paid that amount for real property in Florida and a home to be constructed thereon. The plaintiff's contention on appeal, in effect, that the court should have utilized the current market value of the property to calculate damages is unpreserved for appellate review because she never requested to be compensated on the basis of market value in her motion for leave to enter a default judgment, but only requested repayment of the approximately $45,000 she had paid as alleged in

her complaint (see *R.D. Smithtown, L.L.C. v Lucille Roberts Figure Salons,* 277 AD2d 439, 440 [2000]; *cf. Lalani v Santiago,* 290 AD2d 494 [2002]). In any event, the record reflects that the appraisal report for the property was not introduced into evidence at the inquest (*see generally City of New York v State of New York,* 27 AD3d 1, 9 [2005]; *Tamburello v Bensonhurst Car & Limo Serv.,* 305 AD2d 664, 665 [2003]); thus, the record is devoid of any proof of such value. Crane, J.P., Krausman, Lifson and Balkin, JJ., concur.