■ Louis Cukierwar, Respondent, v College Central Network, Inc., Appellant. [50 NYS3d 140]—

In an action for an accounting, the defendant appeals from an order of the Supreme Court, Nassau County (Galasso, J.), entered March 27, 2015, which denied its motion to vacate a judgment in favor of the plaintiff and against it in the principal sum of $40,000, entered upon its failure to appear or answer the complaint.

Ordered that the order is reversed, on the law, with costs, the defendant's motion to vacate the judgment is granted, the judgment is vacated, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment directing the defendant to provide the plaintiff with a full accounting of all financial transactions from the year 2000 to the present.

The plaintiff served the instant complaint on July 6, 2012, alleging that he was a shareholder of the defendant, College Central Network, Inc. The complaint sought a full accounting of all financial transactions from the year 2000 to the present but did not seek monetary damages.

On August 2, 2013, the plaintiff moved for leave to enter a

default judgment. In an order entered February 7, 2014, the Supreme Court granted the plaintiff's motion for leave to enter a default judgment and directed an inquest on the issue of damages. The plaintiff filed a note of issue in preparation for the inquest requesting that the defendant "provide a full and just accounting" as damages. The note of issue did not request any monetary damages.

Thereafter, the Supreme Court entered a judgment, upon the defendant's default, in favor of the plaintiff and against the defendant in the principal sum of $40,000.

The defendant moved, pursuant to CPLR 3215, to vacate the judgment on the grounds, inter alia, that the plaintiff failed to take proceedings to obtain a default judgment within one year after the default, and that the judgment awarded relief that was not requested in the complaint. In the order appealed from, the Supreme Court denied the defendant's motion.

The Supreme Court properly denied that branch of the defendant's motion which was to vacate the judgment on the ground that the plaintiff failed to take proceedings to obtain a default judgment within one year after the defendant's default. Contrary to the defendant's contention, the plaintiff took proceedings to obtain the default judgment within the applicable time period (*see HSBC Bank USA, N.A. v Traore*, 139 AD3d 1009, 1011 [2016]; *Brown v Rosedale Nurseries*, 259 AD2d 256, 257 [1999]; *see generally Williams v Colonial Tr.*, 275 AD2d 368, 369 [2000]).

However, the Supreme Court should have granted that branch of the defendant's motion which was to vacate the judgment pursuant to CPLR 3215 (b), on the ground that the judgment awarded relief that was not requested in the complaint. "[A] default judgment may not award relief of a different kind than that demanded in the complaint" (*R.D. Smithtown, L.L.C. v Lucille Roberts Figure Salons*, 277 AD2d 439, 440 [2000]). Moreover, "at an inquest, the court may not permit amendments of the pleadings which would broaden the scope of the inquest and increase the amount of damages provable by the plaintiff" (*Recon Car Corp. of N.Y. v Chrysler Corp.*, 130 AD2d 725, 732 [1987]).

Here, neither the complaint nor the note of issue sought any monetary damages. The complaint sought only a full accounting of all financial transactions from the year 2000 to the present. The note of issue requested only that the defendant "provide a full and just accounting" as damages. Thus, the Supreme Court erred in awarding the plaintiff $40,000 in damages after the inquest. Rather, the court should have directed

the defendant to provide a full accounting of all financial transactions from the year 2000 to the present, which was the relief sought by the plaintiff in the complaint.

The defendant's remaining contention is without merit. Rivera, J.P., Leventhal, Hall and Duffy, JJ., concur.