The Woods III In Westchester Homeowners Association, Inc., Appellant, 
against
Keith B. Walker, Respondent, and Adrienne M. Walker, Defendant.




Levine & Montana (Matthew Montana of counsel), for appellant.
Keith B. Walker, respondent pro se (no brief filed).

Appeal, on the ground of inadequacy, from an order of the City Court of Peekskill, Westchester County (Melissa Loehr, J.), dated January 31, 2018, and from a judgment of that court entered February 5, 2018. The order granted plaintiff's motion to enter a default judgment to the extent of awarding plaintiff as against defendant Keith B. Walker the principal sum of only $2,248.07. The judgment, entered pursuant to the January 31, 2018 order, awarded plaintiff as against defendant Keith B. Walker the principal sum of only $2,248.07.




ORDERED that the appeal from the order is dismissed because the right of direct appeal therefrom terminated with the entry of the judgment (see Matter of Aho, 39 NY2d 241, 248 [1976]); and it is further,
ORDERED that the judgment is modified by increasing the award in favor of plaintiff to the principal sum of $3,491.81; as so modified, the judgment is affirmed, without costs.
In July 2017, plaintiff commenced this action to recover unpaid assessments and late fees from defendants homeowners. The complaint asserted three causes of action seeking, respectively, (1) $748.07 for unpaid assessments and late fees through May 2017, (2) monetary [*2]damages consisting of unpaid assessments, at $252.29 per month, and the attendant $50 monthly late fees, from June 2017 through "the pendency of this action," and (3) reasonable attorney's fees. Defendants failed to appear or answer. In August 2017, defendant Adrienne M. Walker filed for bankruptcy, and the instant action was stayed as against her. In December 2017, plaintiff moved for the entry of a default judgment pursuant to CPLR 3215. Besides the $748.07 sought in its first cause of action, plaintiff requested $1,243.74 on its second cause of action, and submitted an affirmation, as well as bookkeeping records, delineating the time, fees, and legal work completed in connection with this matter in support of its third cause of action seeking $3,297.65 in attorney's fees. By order dated January 31, 2018, the City Court granted plaintiff's motion, to the extent of awarding plaintiff as against defendant Keith B. Walker only the sum of $748.07 on its first cause of action and $1,500 in attorney's fees on its third cause of action. On appeal, plaintiff contends that it should have been awarded $1,243.74 on its second cause of action and $3,297.65 on its third cause of action.
Pursuant to CPLR 3215 (b), a default "judgment shall not exceed in amount or differ in type from that demanded in the complaint." Since the complaint's second cause of action clearly seeks to recover monetary damages in the form of unpaid monthly assessments of $252.29, and the attendant $50 monthly late fee, accruing from June 2017 through "the pendency of this action" (cf. Cukierwar v College Cent. Network, Inc., 148 AD3d 983 [2017]; R.D. Smithtown, L.L.C. v Lucille Roberts Figure Salons, 277 AD2d 439 [2000]), the City Court should have awarded plaintiff the unpaid accrued sum of $1,243.74 (see Lalani v Santiago, 290 AD2d 494 [2002]). 
The "determination of a reasonable attorney's fee is left to the sound discretion of the trial court" (see RMP Capital Corp. v Victory Jet, LLC, 139 AD3d 836, 839-840 [2016]). Reasonable attorney's fees are fees "which represent the reasonable value of the services rendered" (NYCTL 1998-1 Trust v Oneg Shabbos, Inc., 37 AD3d 789, 790 [2007]; see also RMP Capital Corp. v Victory Jet, LLC, 139 AD3d at 839; Matter of Gamache v Steinhaus, 7 AD3d 525, 527 [2004]). In the case at bar, considering the difficulty of the issues involved, the amount of time spent by plaintiff's attorneys on this action, the nature of the work performed, and their relative contributions, as well as what is reasonable compensation for an attorney based upon the prevailing rate for similar work in the community (see RMP Capital Corp. v Victory Jet, LLC, 139 AD3d at 839), we find that the City Court providently exercised its discretion in determining that plaintiff's attorney was entitled to only $1,500 in fees.
Accordingly, the judgment is modified by increasing the award in favor of plaintiff to the principal sum of $3,491.81.
TOLBERT, J.P., RUDERMAN and EMERSON, JJ., concur. 
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 16, 2019