Herald Ctr. Dept. Store of N.Y. LLC v Shchegol (2024 NY Slip Op 00971)

Herald Ctr. Dept. Store of N.Y. LLC v Shchegol

2024 NY Slip Op 00971

Decided on February 27, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 27, 2024

Before: Kern, J.P., Gesmer, Shulman, Rodriguez, Rosado, JJ. 

Index No. 654155/21 Appeal No. 1746-1747 Case No. 2023-03403, 2023-03408 

[*1]Herald Center Department Store of New York LLC, Plaintiff-Respondent,
v
Alex Shchegol, Defendant-Appellant.

Belkin Burden Goldman, LLP, New York (Jeffrey S. Levine of counsel), for appellant.
Oved & Oved LLP, New York (Jonathan A. Lynn of counsel), for respondent.

Judgment, Supreme Court, New York County (Lyle E. Frank, J.), entered on or about January 19, 2023, in favor of plaintiff and against defendant in the total amount of $18,130,285.97, and bringing up for review an amended order, same court and Justice, entered on or about January 18, 2023, which found that plaintiff was entitled to judgment in the principal amount of $18,125,071.77, unanimously affirmed, without costs. Appeal from aforesaid amended order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
The complaint's first cause of action sought only $1,174,624.50 in damages, representing amounts that defendant, as guarantor, owed upon the failure by nonparty ASA College Inc. to pay rents due under ASA's lease. The only additional rents the complaint sought were for attorneys' fees, costs, and expenses. It is undisputed that defendant was aware of plaintiff's attempts to seek substantially more in damages, at a rate of $700,000 per month, after defendant appeared following his default. While it is true that a judgment "shall not exceed in amount . . . from that demanded in the complaint" (CPLR 3215[b]; see 17 E. 80th Realty Corp. v 68th Assoc. , 173 AD2d 245, 249 [1st Dept 1991]), and that plaintiff did not make a further motion to amend the complaint, after its initial one seeking an increase in damages, for the $18 million judgment it ultimately obtained, we exercise our discretion to deem the complaint so amended under the circumstances of this case (see Recon Car Corp. of New York v Chrysler Corp. , 130 AD2d 725, 731-732 [2d Dept 1987], lv denied 70 NY2d 612 [1987]). Defendant will not suffer any prejudice by the amendment since he participated in the inquest, clearly had notice that damages in excess of those set forth in the complaint were being sought and has not substantively challenged the issue of liability, including in his application to vacate the default judgment, the denial of which was not appealed (id. ).
Defendant's reliance on Gluck v W. D. Allen Mfg. Co. (53 AD2d 584, 585 [1st Dept 1976]) in arguing that the complaint may not be amended following his default is unavailing. That case, together with Frank P. McNally, Inc. v Ontario Frgt. Lines Corp. (29 AD2d 678 [2d Dept 1968]), on which Gluck relied, held that a plaintiff may not amend its ad damnum request during an inquest where, unlike here, the defendant did not appear at the inquest to contest the quantum of damages the plaintiff newly sought.
The remaining contentions are academic in light of our determination.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 27, 2024