Deutsch v Levy (2025 NY Slip Op 05790)

Deutsch v Levy

2025 NY Slip Op 05790

Decided on October 22, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 22, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
LINDA CHRISTOPHER
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2022-07743
 (Index No. 510191/19)

[*1]Joseph Deutsch, respondent, 
v
Mordechai Levy, appellant, et al., defendant.

Rosenberg & Steinmetz, P.C., Valley Stream, NY (Rachelle Rosenberg of counsel), for appellant.
Barclay Damon LLP, New York, NY (Lauren J. Wachtler and Benjamin M. Wilkinson of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for breach of contract, the defendant Mordechai Levy appeals from an order of the Supreme Court, Kings County (Richard J. Montelione, J.), dated August 24, 2022. The order denied that defendant's motion to vacate a judgment of the same court dated February 4, 2020, which is in favor of the plaintiff and against the defendants in the principal sum of $340,357.
ORDERED that the order is reversed, on the law, with costs, the defendant Mordechai Levy's motion to vacate the judgment is granted, and the matter is remitted to the Supreme Court, Kings County, for the entry of an appropriate amended judgment in accordance herewith.
In May 2019, the plaintiff commenced this action against the defendants, Mordechai Levy and Senova Healthcare, LLC (hereinafter Senova), to recover damages for breach of contract. The plaintiff alleged that the defendants were jointly liable on the first cause of action in the principal sum of $20,357 and that Senova was liable on the second and third causes of action in the principal sum of $320,000. The defendants failed to answer the complaint or otherwise appear in the action. In an order dated September 10, 2019, the Supreme Court granted the plaintiff's motion for leave to enter a default judgment and directed an inquest on the issue of damages. Following an inquest, the court entered a judgment in favor of the plaintiff and against the defendants in the principal sum of $340,357.
Levy moved to vacate the judgment pursuant to CPLR 5015(a)(1) and 3215(b). The plaintiff opposed the motion. In an order dated August 24, 2022, the Supreme Court denied Levy's motion. Levy appeals.
The Supreme Court properly denied vacatur of the judgment pursuant to CPLR 5015(a)(1). "A defendant seeking to vacate a default pursuant to CPLR 5015(a)(1) must demonstrate a reasonable excuse for the default and a potentially meritorious defense" (Nico v Olajitan, 229 AD3d 561, 562 [internal quotation marks omitted]; Barnett v Diamond Fin. Co., Inc., 202 AD3d 651, 652). Here, Levy's conclusory denial of receipt of the summons and complaint did not amount to a reasonable excuse (see Cerullo v City of New York, 230 AD3d 560, 561-562). Since Levy failed [*2]to establish a reasonable excuse, we need not consider whether he provided a potentially meritorious defense to the action (see Kuznetsova v Dart Seasonal Prods., Inc., 226 AD3d 763, 765; Bank of N.Y. Mellon Trust Co. N.A. v Hsu, 204 AD3d 874, 876).
However, the Supreme Court should have granted Levy's motion to vacate the judgment pursuant to CPLR 3215(b), on the ground that the judgment awarded relief that was not requested in the complaint. "A default judgment cannot exceed in amount or differ in the kind of relief from that demanded in the complaint" (Sanford v Powers, 93 AD2d 985, 985; see Cukierwar v College Cent. Network, Inc., 148 AD3d 983, 984; P & K Marble v Pearce, 168 AD2d 439). Moreover, "'at an inquest, the court may not permit amendments of the pleadings which would broaden the scope of the inquest and increase the amount of damages provable by the plaintiff'" (Cukierwar v College Cent. Network, Inc., 148 AD3d at 984, quoting Recon Car Corp. of N.Y. v Chrysler Corp., 130 AD2d 725, 732). Here, the complaint only sought damages against Levy in the principal sum of $20,357. Accordingly, the judgment must be vacated and the matter remitted to the Supreme Court, Kings County, for entry of an amended judgment limiting the award against Levy to the amount originally demanded in the complaint.
GENOVESI, J.P., CHRISTOPHER, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court