■ WALTER T. PETITO, Plaintiff, v. EDWARD R. DIESEL et al., Defendants. (Action No. 1.) EDWARD J. BUCKO, Respondent, v. EDWARD R. DIESEL, Appellant. (Action No. 2.) EDWARD J. BUCKO, Respondent, v. EDWARD DIESEL, Appellant. (Action No. 3.) — In consolidated negligence actions, defendant Diesel appeals from an order of the Supreme Court, Queens County, dated February 16, 1960, granting the motions of the plaintiff (in Actions 2 and 3) to sever Action No. 2 and remand it to the Supreme Court, Putnam County; and to sever Action No. 3 and remand it to the Municipal Court of the City of New York, Borough of Queens. Said defendant also appeals from an order, dated March 14, 1960, which purports to deny reargument of the motions which resulted in the order first mentioned. The three actions arose out of an automobile collision in Putnam County. Actions 2 and 3 had been consolidated with Action No. 1, which was pending in the Supreme Court, Queens County, after said appellant, a defendant in the three actions, had duly demanded and moved in Action No. 2 for a change of venue from Putnam County to Queens County upon the ground that the plaintiff in said action is a nonresident and that appellant resides in Queens County. Thereafter, Action No. 1 was settled. Order appealed from, dated March 14, 1960, reversed, with $10 costs and disbursements, and motions for severance and remand of Actions 2 and 3 denied. As a matter of statutory right, appellant is entitled to a trial in Queens County (Civ. Prac. Act, § 182; *Feitel Bag Co.,* v. *Bobinski,* 234 App. Div. 879; *Commercial State Bank & Trust Co. of New York* v. *Ritz,* 4 A D 2d 674). No facts have been presented which would justify a remand to Putnam County upon the ground of convenience of witnesses. The said order of March 14, 1960 would be nonappealable if it were, in fact, an order denying reargument. The motion for " reargument " was based, however, upon additional facts, which constituted the motion an application for renewal. An order denying a motion for renewal is appealable (*Matter of Rand,* 273 App. Div. 859). Appeal from original order of February 16, 1960, dismissed as academic. Nolan, P. J., Beldock, Kleinfeld and Brennan, JJ., concur; Pette, J., not voting.

■ THE PEOPLE OF THE STATE OF NEW YORK, on the Petition of FRANCES KAHN, ex rel. FRANK DE GENNARO, Appellant, v. WILFRED L. DENNO, as Warden of Sing Sing Prison, Respondent.— In a habeas corpus proceeding, relator appeals from an order of the Supreme Court, Westchester County, dated October 17, 1960, dismissing the writ and remanding him to respondent's custody. Relator is imprisoned under a judgment of the County Court, Kings County, entered January 19, 1960, convicting him, upon his plea of guilty, of the crime of robbery in the third degree, and sentencing him to serve a term of two and one-half to five years. The writ was issued upon allegations in the petition, made by relator's attorney, that a policeman had threatened to arrest relator on another charge if relator revealed to the court his prior brutal treatment by the police; and that, as a consequence of such threat, relator was coerced into pleading guilty. Order affirmed, without costs. No opinion. Beldock, Acting P. J., Ughetta, Kleinfeld, Christ and Pette, JJ., concur.