■ SIXTO DANOIS, JR., Respondent, v JO-ONA DANOIS, Appellant.—In a matrimonial action in which the parties were divorced by a judgment entered upon the defendant wife's default, the defendant wife appeals from an order of the Supreme Court, Queens County (Ambrosio, J.), dated July 7, 1988, which denied her renewed motion to vacate the judgment.

Ordered that the order is modified by deleting the provision denying that branch of the motion which was to vacate the third through seventh decretal paragraphs of the judgment and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with costs to the defendant, and the matter is remitted to the Supreme Court, Queens County, for an inquest as to the ancillary issues.

Initially we observe that, contrary to the plaintiff's argument, the defendant's motion resulting in the order appealed from was one for renewal and not reargument, since the defendant presented new evidence not known at the time of a prior motion and a reasonable excuse for its presentation on the second motion *(see, Gulledge v Adams,* 108 AD2d 950; *Caffee v Arnold,* 104 AD2d 352). Therefore, the order dated July 7, 1988, which denied the renewed motion, is appealable *(see, Petito v Diesel,* 12 AD2d 792).

Although the defendant in her notice of motion characterized the motion as being one to vacate the entire judgment of divorce, she conceded in her moving papers that she no longer sought to set aside that portion of the judgment which divorced the parties, but only sought to set aside the economic provisions of the judgment. Thus, our determination herein is limited to only those aspects of the judgment. We have very recently held that where a default judgment of divorce contains provisions for equitable distribution, maintenance and/or child support, the court should hold an inquest to enable it

to award a judgment that complies with the mandates of Domestic Relations Law § 236 (B) *(see, Otto v Otto,* 150 AD2d 57). The judgment herein not only failed to comply with the statutory requirements, but it also awarded the plaintiff 100% of the marital assets without any support in the record for such an award and failed to provide for custody, child support or maintenance.

Accordingly, this matter is remitted to the Supreme Court, Queens County, for an inquest on the ancillary issues such as equitable distribution, custody, child support and maintenance. At this inquest the defendant may fully participate by presenting her own direct case as well as cross-examining the plaintiff's witnesses *(see, Otto v Otto, supra)*.

In view of the foregoing, we need not reach the other contentions raised by the parties. Thompson, J. P., Rubin, Sullivan and Balletta, JJ., concur.