(February 26, 1996)

■ DIANE BARUCH, Respondent, v RANDY BARUCH, Appellant. [638 NYS2d 485] —In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Nassau County (Schmidt, J.), dated October 27, 1994, which denied his motion, *inter alia,* to vacate his default in appearing for trial.

Ordered that the order is affirmed, with costs.

Although this Court has adopted a liberal policy of vacating defaults in matrimonial actions, the opening of a default remains discretionary (*see, Bicknell v Bicknell,* 214 AD2d 598; *Sayagh v Sayagh,* 205 AD2d 678), and "it is still incumbent upon the moving party to show a reasonable excuse for the default (i.e., that it was neither intentional nor willful)" *(Kellerman v Kellerman,* 203 AD2d 533, 534; *Arvanetes v Arvanetes,*

191 AD2d 893). In this case, the defendant repeatedly disregarded notices to attend preliminary conferences and to appear for trial because he believed that these tactics would prevent the court from proceeding in the action, and thereby obstruct the plaintiff's efforts to obtain a divorce. Under these circumstances, the Supreme Court properly determined that the defendant's default was willful, and, accordingly, that his motion to vacate should be denied. Moreover, contrary to the defendant's contention, we note that the court took sufficient evidence at the inquest to enable it to make the necessary findings in accordance with Domestic Relations Law § 236 (B) (see, Otto v Otto, 150 AD2d 57, 69). O'Brien, J. P., Copertino, Santucci and Krausman, JJ., concur.