■ ELIZABETH CONNER, Appellant, v LOUIS CONNER, Respondent. [659 NYS2d 296] —In an action for a divorce and ancillary relief, the plaintiff wife appeals (1) from an order of the Supreme Court, Suffolk County (Lifson, J.), dated June 19, 1996, which denied her motion, *inter alia,* to vacate her default in appearing at trial and for a new trial, and (2) as limited by her brief, from stated portions of a judgment of the same court, entered June 25, 1996, upon her default in appearing at trial, which, *inter alia,* awarded the husband the entire equitable interest in his business.

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that on the appeal from the judgment the order is affirmed insofar as reviewed and the appeal from the judgment is otherwise dismissed, without costs or disbursements.

The appeal from the intermediate order dated June 19, 1996, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (see, James v Powell, 19 NY2d 249; CPLR 5501 [a] [1]).

Although the judgment entered June 25, 1996, was entered upon the plaintiff's default, appellate review of the order dated June 19, 1996, is not precluded since the plaintiff may obtain review of "matters which were the subject of contest below" (James v Powell, supra, at 256, n 3).

Although as a general rule in matrimonial cases the courts have adopted a liberal policy of vacating defaults, it is still incumbent upon the moving party to show a reasonable excuse for the default and the existence of a meritorious claim (see, Baruch v Baruch, 224 AD2d 649). While, as the dissent points out, the plaintiff wife was incarcerated in Florida at the time of the trial, we conclude on the basis of the over-all record, her dereliction with regard to court appearances and obligations was so extensive that the court did not err in proceeding to trial in her absence and in later refusing to vacate the default. Moreover, we also find that the wife failed to show the existence of a meritorious claim. Furthermore, under the circumstances of this case, we find no justification to reopen the trial on the economic provisions of the judgment of divorce.

The wife's remaining contentions are either unpreserved for appellate review or without merit and we decline to reach them in the exercise of our interest of justice jurisdiction. Rosenblatt, Santucci and Joy, JJ., concur.

Mangano, P. J., dissents and votes to reverse so much of the judgment as determined the issues of equitable distribution, maintenance, and pendente lite maintenance arrears, grant the plaintiff's motion to vacate her default, vacate the order, and remit the matter to the Supreme Court, Suffolk County, for a hearing on these issues, with the following memorandum: The record indicates that the Supreme Court was advised on December 24, 1995, that the plaintiff wife was incarcerated in the State of Florida on drug charges and would not be able to appear for a scheduled trial on December 26, 1995. Indeed, the defendant husband confirmed, under oath, during the court proceedings on December 26, 1995, that the plaintiff wife was

incarcerated in Florida. In response to this testimony, the Supreme Court stated, "Now, she may have a good reason to have her default vacated". Under these circumstances, the plaintiff wife demonstrated a valid excuse for her default *(cf., Benadon v Antonio,* 10 AD2d 40). Moreover, the record indicates that the plaintiff has demonstrated potentially meritorious challenges to those provisions of the judgment concerning issues of equitable distribution, maintenance, and pendente lite maintenance arrears *(see generally, Otto v Otto,* 150 AD2d 57; *Borra v Borra,* 218 AD2d 780). Therefore, based upon the liberal policy of vacating default judgments in matrimonial actions, I am of the view that these economic provisions of the divorce judgment should be vacated *(see, Wayasamin v Wayasamin,* 167 AD2d 460).