■ INGRID C. BOOSKA, Respondent, v MARK E. BOOSKA, Appellant. [667 NYS2d 277] —In an action for a divorce and ancillary relief, the defendant former husband appeals from (1) the findings of fact and conclusions of law of the Supreme Court, Dutchess County (Bernhard, J.), dated April 8, 1997, (2) a judgment of the same court, also dated April 8, 1997, which, upon his default in answering, granted the plaintiff former wife a divorce and distributed certain marital property, and (3) an order of the same court, entered April 28, 1997, which denied his motion to vacate his default, for leave to interpose a late answer, and for a new hearing on equitable distribution of the marital assets.

Ordered that the appeal from the findings of fact and conclusions of law is dismissed, as findings of fact and conclusions of law are not appealable (*see, Matter of County of Westchester v O'Neill,* 191 AD2d 556; *Benedetto v O'Grady,* 10 AD2d 628); and it is further,

Ordered that the appeal from the judgment is dismissed, as no appeal lies from a judgment entered upon the default of the appealing party (*see,* CPLR 5511); and it is further,

Ordered that the order is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

Although the courts have adopted a liberal policy of vacating defaults in matrimonial cases, a defaulting party is still required to show a reasonable excuse for his or her default and a meritorious defense (*see,* CPLR 5015 [a] [1]; *Fayet v Fayet,* 225 AD2d 658; *Baruch v Baruch,* 224 AD2d 649). In the instant case, the Supreme Court properly held that the defendant willfully defaulted in answering (*see, Baruch v Baruch, supra,* at 650).

The defendant fully participated in the inquest on the financial issues, and did not raise any of the objections later

raised in his motion. Therefore, he waived consideration of those contentions (*see, Nieves v 331 E. 109th St. Corp.,* 112 AD2d 59; *cf., James v Powell,* 19 NY2d 249). Rosenblatt, J. P., O'Brien, Thompson, Friedmann and Goldstein, JJ., concur.