■ PARK BENJAMIN III, Respondent, v CANDICE L. J. BENJAMIN, Appellant. [670 NYS2d 361] —In a matrimonial action in which the parties were divorced by a judgment entered December 23, 1996, upon the defendant's default in appearing, the defendant appeals from an order of the Supreme Court, Nassau County (DiNoto, J.), dated May 9, 1997, which denied her motion to vacate the judgment.

Ordered that the order is modified, as a matter of discretion in the interest of justice, by deleting the provision thereof which denied the motion in its entirety and substituting

therefor a provision granting the motion to the extent of modifying the judgment by adding a provision thereto severing the plaintiff's cause of action for equitable distribution; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant, and the matter is remitted to the Supreme Court, Nassau County, for an inquest on the ancillary issues.

Although this Court has adopted a liberal policy with respect to vacating defaults in matrimonial actions (*see, Louis v Louis,* 231 AD2d 612; *Schorr v Schorr,* 213 AD2d 621), it is still incumbent upon the party seeking to vacate a default to establish a reasonable excuse for the default and a meritorious defense (*see, Sayagh v Sayagh,* 205 AD2d 678; *Kellerman v Kellerman,* 203 AD2d 533). The determination of whether to vacate a default lies within the sound discretion of the trial court (*see, Wayasamin v Wayasamin,* 167 AD2d 460).

It was not an improvident exercise of discretion to deny the defendant's motion to vacate her default. The defendant showed a reasonable excuse for her default, but failed to demonstrate a meritorious defense on the issue of fault (*see, Kyriacopoulos v Mendon Leasing Corp.,* 216 AD2d 532; *Chery v Anthony,* 156 AD2d 414; *Tissot v Tissot,* 243 AD2d 462).

However, to the extent that the judgment contained no provision concerning equitable distribution or maintenance, it must be reopened (*see, Katta v Katta,* 203 AD2d 531; *Michalek v Michalek,* 180 AD2d 890; *Wayasamin v Wayasamin,* 167 AD2d 460, *supra; Danois v Danois,* 154 AD2d 504). The matter is remitted to the Supreme Court for an inquest on those issues. We note that our determination does not affect the provision of the judgment which granted the plaintiff a divorce. O'Brien, J. P., Joy, Altman and Luciano, JJ., concur.