■ MARIA KOGAN, Respondent, v ILYA KOGAN, Appellant. [677 NYS2d 376] —In an action for a divorce and ancillary relief, the defendant appeals from a judgment of the Supreme Court, Kings County (Rigler, J.), dated April 17, 1997, which, upon his default in appearing at trial, *inter alia,* fixed his child support obligation. The appeal brings up for review an order of the same court, dated March 23, 1997, which denied his motion to vacate his default in appearing at trial. The notice of appeal from the order is deemed a premature notice of appeal from the judgment (*see,* CPLR 5520 [c]).

Ordered that the judgment is affirmed, with costs.

Although the judgment was entered upon the defendant's default in appearing at trial, appellate review of the issues raised in the order is not precluded since the defendant may obtain review of "matters which were the subject of contest below" (*James v Powell,* 19 NY2d 249, 256, n 3).

The Supreme Court did not improvidently exercise its discretion in denying the defendant's motion to vacate his default in appearing at trial. Although, in general, the courts have adopted a liberal policy of vacating default judgments in matrimonial actions, the party seeking vacatur must still show both a reasonable excuse for the default and a meritorious defense (*see, Conner v Conner,* 240 AD2d 614).

Here, the record reveals a history of defaults by both the defendant and his attorney. Even assuming that the defendant's attorney's alleged, undocumented physical injuries prevented him from appearing at trial on the initial date and two subsequent adjourned dates, and, thus, constituted a reasonable excuse for the default, the defendant failed to establish the existence of a meritorious claim. To the contrary, in view of the evidence submitted by the plaintiff and the lack of evidence presented by the defendant (including the defendant's failure to submit his own affidavit), we conclude that the defendant has not established that he has a meritorious claim to equitable distribution of the plaintiff's medical license. Rosenblatt, J. P., O'Brien, Krausman and Goldstein, JJ., concur.