■ LORI A. FRENCH, Respondent, v PATRICK L. FRENCH, Appellant. [686 NYS2d 723] —In an action for a divorce and ancillary relief, the defendant husband appeals from an order of the Supreme Court, Suffolk County (Gazzillo, J.), dated October 3, 1997, which denied his motion, inter alia, to modify (a) an order of the same court (Floyd, J.), dated January 29, 1997, and (b) an order of the same court (Gazzillo, J.), dated May 2, 1997.

■ LORI A. FRENCH, Respondent, v PATRICK L. FRENCH, Appellant. [687 NYS2d 725] —In an action for a divorce and ancillary relief, the defendant husband appeals from (1) a decision of the Supreme Court, Suffolk County (Gazzillo, J.), dated October 16, 1997, which found, inter alia, that the defendant husband's motion to vacate his default in opposing the plaintiff wife's application for attorney's fees should be denied, and (2) a judgment of the same court, also dated October 16, 1997, which is in favor of the plaintiff wife and against the defendant husband in the sum of $16,700 for attorney's fees.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (see, Schicchi v Green Constr. Corp., 100 AD2d 509); and it is further,

Ordered that the judgment is modified by deleting therefrom the sum of $16,700 and substituting therefor the sum of $12,525; as so modified, the judgment is affirmed; and it is further,

Ordered that the plaintiff wife is awarded one bill of costs.

Notwithstanding the prohibition contained in CPLR 5511 against an appeal taken from a judgment entered upon the

default of the appealing party, the appeal from the judgment dated October 16, 1997, brings up for review those "matters which were the subject of contest" (*James v Powell,* 19 NY2d 249, 256, n 3; *see, Brosnan v Behette,* 186 AD2d 165, 166). Here, the issues pertaining to whether the Supreme Court properly refused to vacate the husband's default in opposing his wife's application for attorney's fees are reviewable since they were contested in the motion papers.

Turning to the merits of the appeal, although the courts have adopted a liberal policy of vacating defaults in matrimonial cases, it is still incumbent upon the moving party to establish a reasonable excuse for the default and a meritorious claim (*see, Conner v Conner,* 240 AD2d 614, 615). Here, there was no reasonable explanation for the husband's failure to oppose his wife's application for the attorney's fees she incurred in connection with the contempt proceeding. The fact that his file was transferred from one law office to another while the motion was pending does not constitute a reasonable excuse, particularly since the record reveals that both his outgoing and incoming attorneys had notice of the motion and failed to ask for an extension of time to respond (*see, Matter of United States Auto Assn. v Steiger,* 191 AD2d 496). Moreover, the husband had no valid defense to his wife's claim for the attorney's fees incurred in connection with the contempt motion, which would not have been necessary if the husband had complied with the initial pendente lite order.

Nevertheless, in view of the parties' dire financial circumstances and in the exercise of our inherent power to modify any amount awarded on default which is later deemed to be excessive, we reduce the award for counsel fees to $12,525, which is based on an hourly rate of $150 rather than $200 (*see, Brosnan v Behette, supra,* at 167). Mangano, P. J., Bracken, Krausman and Goldstein, JJ., concur.