■ JOANNE BAUMER, Appellant, v ROBERT BAUMER, Respondent. [702 NYS2d 346] —In a matrimonial action in which the

parties were divorced by a judgment entered June 21, 1993, upon the default of the defendant former husband in appearing and answering, the plaintiff former wife appeals from an order of the Supreme Court, Queens County (Flug, J.), dated June 15, 1999, which granted the defendant's motion to vacate the judgment.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the judgment is reinstated.

Under the circumstances, the Supreme Court improvidently exercised its discretion in vacating the default judgment. Although the courts have adopted a liberal policy with respect to vacating defaults in matrimonial actions, the defaulting party is still required to show a reasonable excuse for the default and a meritorious defense (see, Adams v Adams, 255 AD2d 535; Kogan v Kogan, 253 AD2d 739; Booska v Booska, 246 AD2d 567). Here, the defendant has not met that burden. Further, the defendant delayed almost six years before making this application (see, CPLR 5015 [a] [1]; Koch v Koch, 198 AD2d 701; Anderson v Anderson, 144 AD2d 512; Black v Black, 141 AD2d 689). Mangano, P. J., Thompson, Altman and Luciano, JJ., concur.