■ CLIFFORD J. SEIFRIED, Respondent, v GILDA T. SEIFRIED, Appellant. [745 NYS2d 445] —In an action for a divorce and ancillary relief, the defendant wife appeals, as limited by her brief, from stated portions of a judgment of the Supreme Court, Nassau County (Falanga, J.), entered November 19, 2001, which, upon an order of the same court dated March 6, 2001, denying her motion to vacate her default in appearing for trial, and after an inquest, inter alia, awarded her only 30% of the proceeds of the sale of the marital residence.

Ordered that the defendant's notice of appeal from an order of the same court, dated July 30, 2001, is deemed a premature notice of appeal from the judgment (*see* CPLR 5520 [c]); and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

After the defendant defaulted in appearing for trial, the Supreme Court scheduled an inquest. Her subsequent motion to vacate her default was denied. Although this Court has adopted a liberal policy with respect to vacating defaults in matrimonial actions (*see Louis v Louis*, 231 AD2d 612; *Fayet v Fayet*, 214 AD2d 534), it is still incumbent upon the moving party to show a reasonable excuse for the default and a meritorious defense (*see Conner v Conner*, 240 AD2d 614; *Baruch v Baruch*, 224 AD2d 649). In light of the defendant's repeated dereliction with regard to court appearances and obligations, and her failure to present both a reasonable excuse for her default and a meritorious defense, the Supreme Court providently exercised its discretion in declining to vacate her default and holding an inquest (*see Conner v Conner, supra*; *Baruch v Baruch, supra*).

Contrary to the defendant's contention, the Supreme Court properly awarded the plaintiff a credit for the separate funds which he contributed to the purchase of the marital premises prior to equitable distribution of that asset (*see Robertson v Robertson,* 186 AD2d 124; *Zago v Zago,* 177 AD2d 691; *Coffey v Coffey,* 119 AD2d 620). Further, the Supreme Court providently exercised its discretion in distributing the proceeds of the sale of the marital residence. Based on the circumstances of this case, the Supreme Court's distribution of 30% of the proceeds to the defendant and 70% to the plaintiff was equitable (*see Balsamo v Balsamo,* 200 AD2d 649; *Palmer v Palmer,* 156 AD2d 651).

The defendant's remaining contentions are without merit. Santucci, J.P., Altman, S. Miller and O'Brien, JJ., concur.