■ SAMUEL D. ROSEN, Respondent, v SUSAN ROSEN, Appellant. [764 NYS2d 634] —In an action for a divorce and ancillary relief, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Baisley, J.), dated December 6, 2001, as granted the plaintiff's

motion for leave to enter judgment upon her default in answering and directed an inquest, and as denied those branches of her cross motion which were for leave to interpose a late answer and to consolidate the instant action with an action entitled *Rosen v Rosen,* pending in the same court, under Suffolk County Index No. 3573/00.

Ordered that the order is affirmed insofar as appealed from, with costs.

Although the courts have adopted a liberal policy with respect to vacating defaults in matrimonial actions (*see Viner v Viner,* 291 AD2d 398 [2002]; *Louis v Louis,* 231 AD2d 612 [1996]), it is still incumbent upon a defaulting defendant to establish a reasonable excuse for the default and a meritorious defense (*see Benjamin v Benjamin,* 249 AD2d 348 [1998]; *Kellerman v Kellerman,* 203 AD2d 533 [1994]). Here, the defendant's failure to answer the complaint was willful (*see McGusty v McGusty,* 268 AD2d 508 [2000]). In addition, the defendant failed to establish a meritorious defense (*see Benjamin v Benjamin, supra; Anderson v Anderson,* 144 AD2d 512 [1988]). Accordingly, the Supreme Court providently exercised its discretion in granting the plaintiff's motion for leave to enter a judgment on default and in denying that branch of the defendant's cross motion which was for leave to serve a late answer (*see* CPLR 3012 [d]; *cf. Kolodny v Kolodny,* 286 AD2d 422 [2001]; *Kremer v Kremer,* 150 AD2d 759 [1989]).

Contrary to the defendant's contentions on appeal, the affirmance of the denial of those branches of her cross motion which were for leave to interpose a late answer and to consolidate her matrimonial action against the plaintiff with the action at bar will not preclude her from seeking, inter alia, an award of maintenance and counsel fees. Rather, a defaulting party in a matrimonial action who appears at an inquest on ancillary issues such as equitable distribution and maintenance is entitled to fully participate therein by presenting his or her own witnesses and evidence, and cross-examining the other party's witnesses (*see Danois v Danois,* 154 AD2d 504 [1989]; *Meisl v Meisl,* 153 AD2d 839 [1989]; *Otto v Otto,* 150 AD2d 57, 69 [1989]). Further, that a judgment has been entered upon a party's default in answering does not obviate the court's obligation to set forth the statutory factors considered in, inter alia, awarding maintenance and distributing marital property (*see Danois v Danois, supra; Meisl v Meisl, supra; Otto v Otto, supra*). Ritter, J.P., S. Miller, Luciano and H. Miller, JJ., concur.