■ JACQUELINE BERK, Respondent, v GREGORY BERK, Appellant. [773 NYS2d 53]—

Judgment, Supreme Court, New York County (Judith Gische, J.), entered March 14, 2003, which, inter alia, dissolved the parties' marriage; awarded plaintiff 50% of the marital assets as equitable distribution, including defendant's medical practice; awarded plaintiff maintenance in the amount of $5,000 monthly for eight years; and awarded plaintiff $7,500 monthly in basic child support, unanimously modified, on the law and the facts, to allow the parties to retain their respective IRA accounts, and otherwise affirmed, without costs. Appeals from orders, same court and Justice, entered on or about May 7, 2002, November 1, 2002 and December 27, 2002, unanimously dismissed, without costs.

Taking into consideration defendant husband's repeated violations of the IAS court's orders, including his failure to pay support (which ultimately led to a finding of contempt against him), his persistent refusal to provide financial disclosure, his failure to pay his agreed upon share of the fee for the neutral evaluator, and his failure to appear for his deposition and a court appearance, the IAS court properly exercised its discretion in finding him in default and thereupon precluding him from offering evidence on financial issues in the action.

In determining that plaintiff wife was entitled to equitable distribution of 50% of the marital assets, the court properly considered the factors set forth in Domestic Relations Law § 236 (B) (5) (d). Notably, the parties were married for almost 15 years, and plaintiff wife gave up her career as a stockbroker to raise the couple's twin children. She was supportive of defendant husband through his medical internship and residency and contributed directly to the growth of his practice by performing some office work and attending business functions (*see Price v Price*, 69 NY2d 8 [1986]).

Defendant's attacks on the fairness of the IAS court are flatly contradicted by the record.

The IAS court evidently overlooked that plaintiff, as well as defendant, had an IRA account. Inasmuch as both parties' accounts are in the same amount and each is entitled to an equal share of the marital estate, we modify to permit the parties to retain their respective accounts.

We have considered defendant's remaining arguments and find them unavailing. Concur—Tom, J.P., Ellerin, Lerner and Marlow, JJ.