In the Matter of CAMILLE ROSSI, Respondent, v LEONARD N. SPANO et al., Respondents, and ROBERT ROSSI, Appellant. [810 NYS2d 486]—

In a proceeding pursuant to CPLR 5239, inter alia, to determine the rights of Camille Rossi and Robert Rossi to money held by the Commissioner of Finance of Westchester County, Robert Rossi appeals from a judgment of the Supreme Court, Westchester County (Dillon, J.), entered August 4, 2004, which, upon an order of the same court (Tolbert, J.) dated March 3, 2004, denying his motion for leave to appear in the proceedings by mail, and upon his default in appearing at a subsequent hearing, determined the rights of the parties to the funds held by the Commissioner of Finance of Westchester County.

Ordered that the appeal from the judgment is dismissed, without costs or disbursements, except insofar as it brings up

for review the order dated March 3, 2004, denying the appellant's motion for leave to appear in the proceedings by mail (*see* CPLR 5511; *Katz v Katz*, 68 AD2d 536 [1979]); and it is further,

Ordered that the judgment is affirmed insofar as reviewed, without costs or disbursements.

Notwithstanding the prohibition contained in CPLR 5511 against an appeal from an order or judgment entered upon the default of the appealing party, the appeal from the judgment brings up for review those "matters which were the subject of contest" before the Supreme Court, namely the denial of the appellant's motion for leave to appear in the proceedings by mail (*James v Powell*, 19 NY2d 249, 256 n 3 [1967]; *see Hegarty v Ballee*, 18 AD3d 706 [2005]).

Under the circumstances, in which the appellant raised numerous arguments contesting the amount and propriety of the attorney's fee to be deducted from his portion of the funds held by the Commissioner of Finance of Westchester County, and the appellant's admission that he had personally appeared at previous court dates, the Supreme Court's denial of the appellant's motion for leave to appear in the proceedings by mail was neither an improvident exercise of discretion nor a deprivation of the appellant's due process rights (*see Mathews v Eldridge*, 424 US 319 [1976]). Florio, J.P., Ritter, Krausman and Covello, JJ., concur.