■ ALINA TOVAR, Appellant, v AUGUSTO TOVAR, Respondent. [820 NYS2d 903]—

In an action for a divorce and ancillary relief, the plaintiff appeals from an order of the Supreme Court, Westchester County (Tolbert, J.), entered February 16, 2006, which denied her motion to vacate her default in appearing at a preliminary conference on June 9, 2005 and an inquest held on that date.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion which was to vacate the plaintiff's default in appearing at the inquest as to outstanding economic issues and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for a new inquest upon notice to the plaintiff and her counsel with respect to outstanding economic issues.

After the plaintiff and her counsel failed to appear at two preliminary conferences, the plaintiff's counsel was notified that the matter was adjourned until June 9, 2005, and that "[n]o adjournments will be granted for any reason." The notice further stated that "[t]his matter will be dismissed if Plaintiff and counsel do not appear on the above scheduled date" of June 9, 2005. The plaintiff and her counsel failed to appear on June 9, 2005 without contacting the court or opposing counsel.

The Supreme Court dismissed the complaint "upon [the plaintiff's] failure to appear on three separate occasions, including today." The Supreme Court immediately proceeded to conduct an inquest on the defendant's counterclaim for a divorce and economic issues in the matrimonial action which had not been resolved by stipulation or prior order of the Family Court.

This Court has held that "when a judgment of divorce is being granted on the default of one of the parties, an inquest should be taken on the economic issues" (*Otto v Otto,* 150 AD2d 57, 68 [1989]). Where, as here, the defaulting party has appeared in the action, the inquest "should be scheduled with notice given to the defaulting party in such a manner as may be

directed by the court" (*Otto v Otto, supra* at 68-69; *see Rosen v Rosen*, 308 AD2d 482, 483 [2003]).

In the instant case, there was no reasonable excuse for the plaintiff's default. However, the plaintiff was entitled to notice of the inquest with respect to the outstanding economic issues.

Accordingly, we remit the matter to the Supreme Court, Westchester County, for a new inquest on the outstanding economic issues, upon notice to the plaintiff and her counsel. Adams, J.P., Goldstein, Fisher and Lifson, JJ., concur.