█ HOWARD L. WEXLER, Respondent-Appellant, v BARBARA E. WEXLER, Appellant-Respondent. [824 NYS2d 647]—

In an action for a divorce and ancillary relief, the defendant wife appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Kings County (Barros, J.), dated February 11, 2004, as, after a nonjury trial, was entered upon the denial of her motion to vacate her default in appearing at scheduled court proceedings, and the plaintiff husband cross-appeals, as limited by his brief, from so much of the same judgment as directed him to continue making all payments on the marital home, including carrying charges and the mortgage, until closing on the sale of the home, determined that he was

responsible for all marital debt and for personal income taxes due for the years 1997, 1998, 1999, and 2000, directed him to pay the defendant wife maintenance in the sum of $650 per week until her remarriage or death, and determined that no child support shall be paid to him by the defendant wife.

Ordered that the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

During the child custody portion of the trial, the wife failed to appear on time for court proceedings on August 26, 2002, September 12, 2002, October 23, 2002, and November 7, 2002. Both she and her counsel failed to appear for continued proceedings on December 20, 2002. On that day, the court granted the husband's motion for sole custody of the parties' two unemancipated children on the wife's default. On January 21, 2003 the court granted the wife's motion to vacate the default and warned her that it would not vacate any subsequent default. The wife then arrived late to court proceedings during the child custody phase of the trial on January 24, 2003, February 3, 2003, and March 13, 2003. During the equitable distribution portion of the trial, the wife failed to appear for the court proceeding on April 8, 2003. She appeared late to the proceeding on April 10, 2003. On May 1, 2003 the wife again failed to appear for the scheduled court proceeding and the court granted the husband's application to hold the wife in default, striking her testimony. The wife subsequently moved, prior to entry of the judgment, inter alia, to vacate the default. The court denied the motion in its entirety. On appeal, the wife contends that the court erred in denying that branch of her motion which was to vacate the default.

Although the judgment dated February 11, 2004 was entered upon the wife's default, appellate review of the denial of the wife's motion to vacate her default is not precluded since the appeal from the judgment brings up for review all matters that were the subject of contest before the Supreme Court (*see James v Powell*, 19 NY2d 249, 256 n 3 [1967]; *Matter of Rossi v Spano*, 26 AD3d 388 [2006]; *Settembrini v Settembrini*, 270 AD2d 408, 409 [2000]).

Although as a general rule in matrimonial cases the courts have adopted a liberal policy of vacating defaults, it is still incumbent upon the moving party to show a reasonable excuse for the default and the existence of a meritorious claim (*see Baruch v Baruch*, 224 AD2d 649 [1996]). While, as the court observed in its decision, the wife appeared to be in need of inpatient drug treatment for a serious substance abuse problem, we conclude, on the basis of the overall record, that her derelic-

tion with regard to court appearances and obligations was so extensive that the court did not err in finding her in default during the equitable distribution portion of the trial and in later refusing to vacate the default. Moreover, we find that the wife failed to show the existence of a meritorious claim. Furthermore, contrary to the wife's contention, under the circumstances of this case, we find no justification to reopen the trial on the equitable distribution provisions of the judgment of divorce.

An award of maintenance is a matter committed to the sound discretion of the trial court (*see Polizzano v Polizzano*, 2 AD3d 615 [2003]; *Mazzone v Mazzone*, 290 AD2d 495 [2002]). In awarding maintenance, the Supreme Court properly considered the wife's age and apparent drug addiction, the duration of the marriage, and the wife's lack of employment since before the marriage in finding that she was unlikely to become self-supporting (*see Polizzano v Polizzano, supra*; *Mazzone v Mazzone, supra*). The Supreme Court providently exercised its discretion in awarding the sum of $650 per week in nondurational maintenance.

Additionally, the trial court correctly refused to apportion certain credit card debt and personal income taxes due for the years 1997 through 2000, along with any interest and penalties, as marital debt, since the husband failed to present sufficient evidence that such debt should be treated as marital debt (*see Cabeche v Cabeche*, 10 AD3d 441 [2004]). Moreover, given the parties' vastly disparate incomes and earning potentials, the court providently exercised its discretion in requiring the husband to pay those debts (*see Christmann v Christmann*, 294 AD2d 527, 528 [2002]; *Toffler v Toffler*, 252 AD2d 580 [1998]).

The parties' remaining contentions either are not properly before this Court or are without merit. Santucci, J.P., Mastro, Fisher and Dillon, JJ., concur.