■ GORDIE JAMIESON, Respondent, v JOSEPH ROMAN, Appellant. [830 NYS2d 217]—

In an action for a divorce and ancillary relief, the defendant appeals from so much of an order of the Supreme Court, Suffolk County (Blydenburgh, J.), dated September 16, 2005, as denied those branches of his motion which were pursuant to CPLR 5015 (a) (1) and 3012 (d) to vacate his default in appearing or answering the complaint and to extend his time to serve an answer.

Ordered that the order is affirmed insofar as appealed from, with costs.

A defendant who has failed to timely appear or answer the complaint must provide a reasonable excuse for the default and demonstrate a meritorious defense to the action when moving to extend the time to answer or to compel the acceptance of an untimely answer (*see* CPLR 5015 [a] [1]; *Lipp v Port Auth. of N.Y. & N.J.,* 34 AD3d 649 [2006]; *Ennis v Lema,* 305 AD2d 632, 633 [2003]). While the courts have adopted a generally liberal policy of vacating defaults in matrimonial disputes, the movant is still obligated to make the requisite showing (*see Rolston v Rolston,* 261 AD2d 377 [1999]; *Conner v Conner,* 240 AD2d 614 [1997]; *Bernholz v Bernholz,* 184 AD2d 542 [1992]), and "whether a particular judgment should be opened remains a matter of discretion" (*Wayasamin v Wayasamin,* 167 AD2d 460, 462 [1990]).

Here, the Supreme Court providently exercised its discretion in rejecting the defendant's proffered excuses that the parties were engaged in settlement negotiations and that his former Pennsylvania counsel failed to advise him to retain counsel in New York for an appearance in this action, in light of the defendant's lengthy delay in appearing even after he was served with the judgment of divorce (*see Antoine v Bee,* 26 AD3d 306 [2006]; *Sobel v Village of Scarsdale,* 255 AD2d 500 [1998]; *Wayasamin v Wayasamin, supra* at 462). Furthermore, the defendant did not contest the grounds for divorce (*see Benjamin v Benjamin,* 249 AD2d 348, 349 [1998]; *Wayasamin v Wayasamin, supra* at 462; *Anderson v Anderson,* 144 AD2d 512 [1988]).

The defendant's remaining contention is improperly raised for the first time on appeal. Schmidt, J.P., Rivera, Skelos and Lunn, JJ., concur.