(April 10, 2007)

■ Marion Atwater, Respondent, v Grace Mace et al., Appellants. [835 NYS2d 600]—

In an action for a divorce and ancillary relief, the defendants appeal from a judgment of the Supreme Court, Rockland County (Sherwood, J.), dated June 14, 2004, which, upon the default of their decedent Christopher E. DiPasquale in appearing at trial following the denial of the decedent's request for an adjournment of the trial date, upon an inquest, and upon an order of the same court dated May 5, 2004, denying the decedent's motion to vacate his default in appearing at trial, inter alia, granted the plaintiff a divorce based upon cruel and inhuman treatment.

Ordered that the appeal from the judgment is dismissed (*see* CPLR 5511) except insofar as it brings up for review the denial of the decedent's request for an adjournment and the order dated May 5, 2004, denying his motion to vacate his default in appearing at trial; and it is further,

Ordered that the judgment is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appellants are the co-executors of the estate of Christopher E. DiPasquale, who died while this appeal was pending. Where, as here, the judgment appealed from was made upon a default in appearing at trial, review by this Court is limited to

matters which were the subject of contest before the Supreme Court (*see Matter of Paulino v Camacho*, 36 AD3d 821 [2007]; *Wexler v Wexler*, 34 AD3d 458 [2006]). Thus, our review in this case is limited to the Supreme Court's order dated May 5, 2004, which denied DiPasquale's motion to vacate his default in appearing at trial, as well as the denial of his earlier request for an adjournment of the trial date (*see Tun v Aw*, 10 AD3d 651, 652 [2004]; *Settembrini v Settembrini*, 270 AD2d 408, 409 [2000]; *French v French*, 260 AD2d 430, 430-431 [1999]; *Conner v Conner*, 240 AD2d 614, 615 [1997]).

The trial in this case was initially scheduled to begin on January 16, 2004. However, as neither DiPasquale nor the plaintiff was ready to proceed that day, the court adjourned the matter to the afternoon of January 22, 2004, making clear that the case, which had been pending for more than a year, would be delayed no further, despite DiPasquale's claim that he would not be ready. On the morning of January 22, 2004 a friend of DiPasquale called the court seeking another adjournment, claiming that DiPasquale had suffered an injury that morning and was en route to a hospital for treatment. The court instructed the caller that the defendant should contact the court from the hospital and have a physician explain to the court why he could not appear for trial. DiPasquale subsequently called, but did not have a physician available to corroborate the medical reason given for his failure to appear for trial. The trial was adjourned until 3:00 P.M. to give DiPasquale additional time to either appear or have a physician contact the court. As he did neither, his default was recorded and the matter proceeded to inquest.

A request for an adjournment is addressed to the sound discretion of the court, and its determination will not be disturbed absent an improvident exercise of discretion (*see Matter of Paulino v Camacho, supra*; *Matter of Kagno v Kagno*, 296 AD2d 410, 411 [2002]; *Wolosin v Campo*, 256 AD2d 332 [1998]). Under the circumstances presented, the Supreme Court providently exercised its discretion by denying DiPasquale's request for an adjournment (*see Tun v Aw, supra* at 652; *Nieves v Tomonska*, 306 AD2d 332 [2003]).

As a general rule, courts in matrimonial cases have adopted a liberal policy of vacating defaults (*see French v French, supra* at 431). Nevertheless, it is still incumbent upon the defendant to show a reasonable excuse for the default as well as the existence of a meritorious defense (*see Wexler v Wexler, supra*; *Baruch v Baruch*, 224 AD2d 649 [1996]; *Conner v Conner, supra*). In support of his motion to vacate his default, DiPasquale failed to provide the court with competent medical evidence demonstrat-

ing that he was unable to attend trial. Moreover, his conclusory denial of the factual allegations set forth in the plaintiff's complaint is insufficient to establish the existence of a meritorious defense. Accordingly, the Supreme Court providently exercised its discretion in denying DiPasquale's motion to vacate his default (*see Seifried v Seifried*, 296 AD2d 398 [2002]; *Baruch v Baruch, supra*).

The appellants' remaining contentions are not properly before us and have not been considered (*see* CPLR 5511). Schmidt, J.P., Ritter, Fisher and Covello, JJ., concur.