(November 13, 2007)

■ Eleanor Abraham, Respondent, v David Abraham, Appellant. [844 NYS2d 889]—In an action for a divorce and ancillary relief, the husband appeals from a judgment of the Supreme

Court, Nassau County (Diamond J.), dated April 17, 2006, which, upon his default in appearing and after a contested inquest, awarded the wife possession of the marital residence, directed the wife to pay him the sum of only $25,500, and awarded the wife 100% of her pension.

Ordered that the judgment is affirmed, with costs.

An appeal from a judgment which was entered upon the defendant's default brings up for review only those matters which were the subject of contest at an inquest after the default (*see Matter of Paulino v Camacho*, 36 AD3d 821 [2007]; *Wexler v Wexler*, 34 AD3d 458 [2006]; *Conserve Elec., Inc. v Tulger Contr. Corp.*, 26 AD3d 354, 355 [2006]). As the husband never moved to vacate his default in the instant case, the issue of the default itself is not properly before this Court and may not be considered.

Contrary to the husband's contention, the Supreme Court properly "set forth the factors it considered and the reasons for its decision" as required by Domestic Relations Law § 236 (B) (5). Moreover, the Supreme Court providently exercised its discretion in equitably distributing the value of the marital residence, taking into account the appreciation of the property after the husband vacated the residence and ceased making mortgage payments in 1985, and in awarding the entire amount of such appreciation to the wife (*see DiSanto v DiSanto*, 198 AD2d 838, 839 [1993]).

The husband's remaining contentions are without merit. Schmidt, J.P., Skelos, Lifson and Dillon, JJ., concur.