■ INNA ROGERS, Appellant, v JOHN ROGERS, Respondent. [886 NYS2d 44]—

In an action for a divorce and ancillary relief, the plaintiff appeals from an order of the Supreme Court, Orange County (McGuirk, J.), dated March 20, 2008, which granted the defendant's motion to enforce the economic provisions of a judgment of divorce dated September 19, 2006, entered upon the wife's default in appearing at an inquest, by directing her to deliver a deed and all necessary papers to transfer her interest in the marital residence to him and denied her cross motion, inter alia, to vacate so much of the judgment as awarded the defendant ancillary relief, including equitable distribution of the marital residence and custody of the child.

Ordered that the order is affirmed, with costs.

"Although this Court has adopted a liberal policy with respect to vacating defaults in matrimonial actions, it is still within the Supreme Court's discretion to determine whether a default should be vacated" (*Ogazi v Ogazi,* 46 AD3d 646 [2007]). Under the circumstances of this case, the Supreme Court did not improvidently exercise its discretion in denying the plaintiff's cross motion to open her default and vacate so much of the judgment of divorce as awarded the defendant ancillary relief, including equitable distribution of the marital residence and custody of the child. It was still incumbent upon the plaintiff to show a reasonable excuse for her default and a meritorious claim (*see Atwater v Mace,* 39 AD3d 573 [2007]). The plaintiff failed to establish a reasonable excuse for her failure to appear for the inquest, having illegally absconded with the couple's child to California. Prudenti, P.J., Fisher, Miller and Lott, JJ., concur.