■ DOROTHY HWANG, Respondent, v DANIEL TAM, Appellant. [898 NYS2d 474]—In an action for a divorce and ancillary relief, the defendant appeals from a judgment of the Supreme Court, Queens County (Lebowitz, J.), entered October 22, 2008, which,

upon an order of the same court entered May 8, 2008, inter alia, denying his motion, in effect, to vacate his default in appearing at a compliance conference on September 17, 2007, and at an inquest on economic issues held on the same date, among other things, awarded the plaintiff a divorce based upon cruel and inhuman treatment, and disposed of all economic issues between the parties.

Ordered that the judgment is modified, on the law, by deleting the second through eighth and the tenth through thirteenth decretal paragraphs thereof, which dispose of all economic issues between the parties; as so modified, the judgment is affirmed, without costs or disbursements, that branch of the defendant's motion which was, in effect, to vacate his default in appearing at the inquest on economic issues is granted, the order entered May 8, 2008, is modified accordingly, and the matter is remitted to the Supreme Court, Queens County, for a new inquest on the economic issues and the entry of an appropriate amended judgment thereafter.

Although the courts have adopted a liberal policy with respect to the vacatur of defaults in matrimonial actions, it is still the general rule that it is incumbent upon a defaulting defendant to establish a reasonable excuse for the default and a meritorious defense (*see Atwater v Mace*, 39 AD3d 573, 574 [2007]; *Wexler v Wexler*, 34 AD3d 458, 459 [2006]; *Rosen v Rosen*, 308 AD2d 482, 483 [2003]; *Baruch v Baruch*, 224 AD2d 649 [1996]; *Conner v Conner*, 240 AD2d 614, 615 [1997]). The Supreme Court did not err in finding the defendant in default for his failure to appear at a compliance conference (*see* 22 NYCRR 202.27), and in later refusing to vacate the default. The defendant failed to offer a reasonable excuse for his failure to appear. In addition, he failed to establish a meritorious defense.

Nonetheless, "when a judgment of divorce is being granted on the default of one of the parties, an inquest should be taken on the economic issues" (*Otto v Otto*, 150 AD2d 57, 68 [1989]). "Where, as here, the defaulting party has appeared in the action, the inquest 'should be scheduled with notice given to the defaulting party in such a manner as may be directed by the court' " (*Tovar v Tovar*, 32 AD3d 1015, 1015-1016 [2006], quoting *Otto v Otto*, 150 AD2d at 68-69; *see Rosen v Rosen*, 308 AD2d at 483). Since in the instant case the Supreme Court immediately proceeded to inquest upon the defendant's default, we remit the matter to the Supreme Court, Queens County, for a new inquest on the outstanding economic issues, upon notice to the defendant and his counsel, so that the defendant may participate in the inquest as permitted by law (*see Amato v Fast Repair, Inc.*, 15 AD3d 429, 430 [2005]).

The defendant's requests for pendente lite counsel fees and an adjustment in the pendente lite child support award are improperly raised for the first time on appeal. Mastro, J.P., Miller, Austin and Roman, JJ., concur.