■ In the Matter of DUANE S., JR. ADMINISTRATION FOR CHILDREN's SERVICES, Respondent; DUANE S., Appellant, et al., Respondent. [930 NYS2d 474]—

On the father's appeal from the order of disposition dated August 9, 2010, he seeks to challenge so much of the Family Court's fact-finding order dated April 26, 2010, as, in effect,

granted the petitioner's unopposed motion for summary judgment and found that he derivatively abused the child Duane S., Jr. Since the fact-finding order was entered upon the father's default, " 'review is limited to matters which were the subject of contest below,' " namely, the denial of the request made by the father's counsel for an adjournment (*Matter of Paulino v Camacho*, 36 AD3d 821, 822 [2007], quoting *Matter of Constance P. v Avraam G.*, 27 AD3d 754, 755 [2006]; *see Atwater v Mace*, 39 AD3d 573, 574 [2007]; *Tun v Aw*, 10 AD3d 651, 652 [2004]; *Matter of Vidal v Mintzer*, 309 AD2d 756, 758 [2003]; *Conner v Conner*, 240 AD2d 614, 615 [1997]).

The granting of an adjournment for any purpose rests in the sound discretion of the trial court upon a balanced consideration of all relevant factors (*see Matter of Anthony M.*, 63 NY2d 270, 283 [1984]; *Matter of Latrell S. [Christine K.]*, 80 AD3d 618, 619 [2011]; *Matter of Venditto v Davis*, 39 AD3d 555 [2007]; *Matter of Paulino v Camacho*, 36 AD3d at 822). The determination to grant or deny an adjournment will not be overturned absent an improvident exercise of discretion (*see Matter of Anthony M.*, 63 NY2d at 283-284; *Atwater v Mace*, 39 AD3d at 574; *York v York*, 250 AD2d 841 [1998]). Under the circumstances here, the Family Court providently exercised its discretion in denying the father's counsel's request for an adjournment. Dillon, J.P., Eng, Sgroi and Miller, JJ., concur.