Matter of Logan R. (Manuel R.) (2019 NY Slip Op 00442)





Matter of Logan R. (Manuel R.)


2019 NY Slip Op 00442


Decided on January 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2018-02068
2018-02069
 (Docket Nos. N-871-16, N-872-16)

[*1]In the Matter of Logan R. (Anonymous). Administration for Children's Services, respondent; Manuel R. (Anonymous), appellant. (Proceeding No. 1)
In the Matter of Adam E.R. (Anonymous). Administration for Children's Services, respondent; Manuel R. (Anonymous), appellant. (Proceeding No. 2)


David Laniado, Cedarhurst, NY, for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Jeremy W. Shweder and Tahirih M. Sadrieh of counsel), for respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Riti P. Singh of counsel), attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the father appeals from (1) an order of fact-finding of the Family Court, Queens County (John M. Hunt, J.), dated July 11, 2017, and (2) an order of disposition of the same court (Connie Gonzalez, J.), dated January 22, 2018. The order of fact-finding, after a hearing, found that the father neglected the subject children. The order of disposition, inter alia, released the children to the custody of the nonrespondent mother under the supervision of the Administration for Children's Services for a period of six months with regard to the child Logan R., and until June 5, 2018, with regard to the child Adam E. R.
ORDERED that appeal from the order of fact-finding is dismissed, without costs or
disbursements, as that order was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,
ORDERED that the appeal from so much of the order of disposition as released the children to the custody of the nonrespondent mother under the supervision of the Administration for Children's Services for a period of six months with regard to the child Logan R., and until June 5, 2018, with regard to the child Adam E. R., is dismissed, without costs or disbursements; and it is further,
ORDERED that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.
The petitioner commenced these related proceedings pursuant to Family Court Act article 10, alleging, inter alia, that the father neglected the subject children. After a fact-finding [*2]hearing, the Family Court found that the father neglected the children and entered an order of disposition.
The appeal from so much of the order of disposition as released the children to the custody of the nonrespondent mother under the supervision of the Administration for Children's Services for a period of six months with regard to the child Logan R., and until June 5, 2018, with regard to the child Adam E. R., has been rendered academic, as it has expired by its own terms (see Matter of Brianna M. [Corbert G.], 152 AD3d 600, 601; Matter of Sarah A. [Daniel A.], 109 AD3d 467).
On appeal, the father argues that the Family Court improvidently exercised its discretion in denying his application, during the fact-finding hearing, for an adjournment to secure private counsel. The granting of an adjournment for any purpose rests in the sound discretion of the hearing court upon a balanced consideration of all relevant factors (see Matter of Steven B., 6 NY3d 888, 889; Matter of Kinara C. [Jerome C.], 89 AD3d 839, 841; Matter of Duane S., Jr. [Duane S.], 88 AD3d 727, 728). The determination to grant or deny an adjournment will not be overturned absent an improvident exercise of discretion (see Matter of Anthony M., 63 NY2d 270, 283-284; Atwater v Mace, 39 AD3d 573, 574; York v York, 250 AD2d 841).
Here, contrary to the father's contention, the Family Court did not improvidently exercise its discretion in denying the father's application for an adjournment to secure private counsel (see Family Ct Act § 1048[a]; Matter of Evelyn R. [Franklin R.], 117 AD3d 957, 957). Among other things, the court had previously accommodated two requests by the father for the assignment of new counsel and an additional request to proceed pro se, all of which caused extensive delays in the proceedings.
The father's remaining contentions are without merit.
RIVERA, J.P., COHEN, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court