Bove v Bove (2019 NY Slip Op 01555)





Bove v Bove


2019 NY Slip Op 01555


Decided on March 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2018-10468
 (Index No. 50697/10)

[*1]Anthony Bove, appellant, 
v
Theresa Bove, respondent.


Robert W. Hiatt, Staten Island, NY (Dawn Marconi of counsel), for appellant.
Benjamin Haber, Staten Island, NY, for respondent.



DECISION & ORDER
In a matrimonial action, the plaintiff appeals from an order of the Supreme Court, Richmond County (Catherine M. DiDomenico, J.), dated July 23, 2018. The order, insofar as appealed from, granted the defendant's motion to vacate her default in opposing the plaintiff's postjudgment motion for certain relief, and restored the plaintiff's motion to the active calendar.
ORDERED that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, and the defendant's motion to vacate her default in opposing the plaintiff's postjudgment motion for certain relief is denied.
The parties were awarded a judgment of divorce in 2012. By order to show cause dated August 25, 2016, the plaintiff moved for postjudgment relief. Between October 14, 2016, and February 14, 2017, the return date of the motion was adjourned three times. By order dated February 14, 2017, the Supreme Court directed the defendant to submit papers in opposition to the plaintiff's motion. On June 7, 2017, after the defendant failed to submit any papers in opposition, the court granted the plaintiff's motion based on the defendant's default and directed the plaintiff to settle an order, on notice, granting his motion. On October 10, 2017, the plaintiff served a proposed default order.
By order to show cause dated October 26, 2017, the defendant moved to vacate her default in opposing the plaintiff's motion. The plaintiff served, inter alia, papers in opposition to the defendant's motion; the defendant served, inter alia, papers in reply; and the plaintiff served, inter alia, papers in sur-reply. Thereafter, the parties exchanged further papers in sur-reply. The Supreme Court, inter alia, granted the defendant's motion to vacate her default in opposing the plaintiff's motion for postjudgment relief, and restored the plaintiff's motion to the active calendar. The plaintiff appeals.
The affirmations of the defendant's attorney reveal that he made a conscious decision not to submit any papers in opposition to the plaintiff's motion even though the Supreme Court gave him ample opportunity to do so. In addition, defense counsel waited until the plaintiff served a proposed default order, more than four months after the court declared the defendant to be in default, before serving the defendant's motion to vacate. Under these circumstances, the defendant's failure to oppose the plaintiff's motion was willful (see Rosen v Rosen, 308 AD2d 482, 483; McGusty v [*2]McGusty, 268 AD2d 508, 508-509).
The defendant claims that her default was caused by law office failure based on defense counsel's statement in his affirmation that his "office will take full responsibility." At most, defense counsel's advice, and the defendant's decision to follow it, constituted a misguided strategy, not law office failure (see Soto v Chelsea W26, LLC, 166 AD3d 1048; Hudson City Sav. Bank v Bomba, 149 AD3d 704, 705; Bank of N.Y. Mellon v Colucci, 138 AD3d 1047, 1048). Thus, the defendant failed to establish a reasonable excuse for her default (see Zherka v Zherka, 17 AD3d 668). Accordingly, the Supreme Court improvidently exercised its discretion in granting the defendant's motion to vacate her default in opposing the plaintiff's postjudgment motion for certain relief.
LEVENTHAL, J.P., ROMAN, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court