Scaglia v Haart

2026 NY Slip Op 02164

April 9, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Silvio Scaglia, Plaintiff-Appellant,

v

Julia Haart Also Known as Julia Hendler, Defendant-Respondent.

Decided and Entered: April 09, 2026

Index No. 365088/22|Appeal No. 6313|Case No. 2025-0488|

Before: Kennedy, J.P., Kapnick, Higgitt, Michael, Chan, JJ.

Law Office of Alexander Sakin, LLC, New York (Alexander Sakin of counsel), for appellant.

Chemtob Moss Forman & Beyda, LLP, New York (Michael F. Beyda of counsel), for respondent.

[*1]

Order, Supreme Court, New York County (Jeffrey H. Pearlman, J.), entered January 17, 2025, which struck plaintiff husband's verified complaint for divorce, awarded defendant wife a default judgment of divorce on her verified answer and counterclaims pursuant to 22 NYCRR 202.27 and CPLR 3126, and awarded the wife $7.4 million in unpaid management fees of the parties' holding company, Freedom Holding, Inc. (FHI), from 2019 through 2021; a 50% interest in FHI and any of its subsidiaries as of the date of commencement of the action, and of Elite World Group and SW Vestry, LLC; 50% of the proceeds of the sale of a Van Dongen painting owned by FHI; power of attorney to oversee implementation of all orders of the court, including necessary transactions to effectuate her 50% ownership interest in the entities; power of attorney to appear and intervene in the action against SW Vestry to foreclose on a mortgage on the marital residence; and half of the withdrawals made by the husband from the company since the inception of the action which constitute dissipation of the marital property and 90% of legal fees, amounts to be determined after inquest, unanimously modified, on the law, to remand the matter for a determination of the factors considered and reasons for the court's decision with respect to the award to the wife of management fees, ownership of 50% of FHI, and 50% of the proceeds of the sale of the Van Dongen painting, and to the extent the wife has received management fees and proceeds from the sale of the painting, direct the wife to place the amounts in escrow pending issuance of the order of fact-finding in connection with the final judgment of divorce, and otherwise affirmed, without costs.

The court providently exercised its discretion in striking the husband's pleadings, finding him in default, and awarding the wife a judgment of divorce on her counterclaims (see Berk v Berk, 5 AD3d 165, 166 [1st Dept 2004]; Hwang v Tam, 72 AD3d 741, 742 [2d Dept 2010]). The record establishes the husband's repeated violations of the court's orders, including his failure or refusal to provide ordered discovery, court-ordered counsel fees, forensic expert and special masters fees, and his failure to attend conferences.

While no appeal generally lies from orders entered on default (CPLR 5511), "that provision does not apply where . . . a party appears and contests a motion for leave to enter a default judgment" (Cole-Hatchard v Eggers, 132 AD3d 718, 719 [2d Dept 2015]; see Ganz v Florman, 213 AD3d 434, 435 [1st Dept 2023]). Here, the husband filed an affidavit in opposition to the motion and his counsel filed an affirmation in opposition (albeit one day late). Counsel also appeared and argued in opposition to the motion on December 16, 2024, and on the related motion on January 17, 2025. Accordingly, CPLR 5511 is inapplicable (see Levine v Singal, 172 AD3d 402, 403 [1st Dept 2019]).

[*2]

Domestic Relations Law § 236(B)(5)(g) provides that disposition of property in a matrimonial action requires a court to set forth the factors it considered and the reasons for its decision and may not be waived by the parties or counsel (see e.g. Capasso v Capasso, 119 AD2d 268, 275 [1st Dept 1986]). Written findings of fact are required for the entry of a divorce judgment on default (CPLR 3215[b]), to assure a proper evidentiary basis for awards of equitable distribution (see Otto v Otto, 150 AD2d 57, 61 [2d Dept 1989]).

Here, the court awarded the wife a 50% ownership interest in FHI, as well as 50% of the proceeds of the sale of the Van Dongen painting, and $7.4 million in management fees earned from 2019 through 2021, but failed to provide the factual underpinnings for its determination or the reasons for its decision in the order. Accordingly, determination of the underlying findings of fact with respect to ownership of FHI and the proceeds of the Van Dongen painting is required. While a search of the record provides at least some basis for those awards, it lacks the calculation or basis for the award to the wife of $7.4 million in management fees, which should be addressed at inquest. In the interim, any amounts paid to the wife for the painting and the management fees should be placed in escrow pending the court's written determination and reasons for its disposition (see Roberson-Fisch v Fisch, 236 AD3d 554, 555-556 [1st Dept 2025], lv dismissed 44 NY3d 1075 [2026]).

Pending the court's determination, the powers of attorney will remain in place.

THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 9, 2026