■ MARY MALACHI, Appellant, v GOOD SAMARITAN HOSPITAL, Defendant, and MARTIN H. SAVITZ et al., Respondents. [666 NYS2d 721] —In an action to recover damages for medical malpractice, the plaintiff appeals from (1) an order of the Supreme Court, Rockland County (Sherwood, J.), entered July 15, 1996, which granted the motion by the defendants Martin H. Savitz and Rockland Neurological Practices, P. C., and the cross motion by the defendant Prem Nath, pursuant to 22 NYCRR 125.1 (g) to dismiss the complaint with prejudice, (2) a judgment of the same court, entered October 1, 1996, which dismissed the complaint with prejudice, and (3) an order of the same court dated November 19, 1996, which denied the plaintiff's motion to vacate the order entered July 15, 1996.

Ordered that the appeal from the order entered July 15, 1996, is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the order dated November 19, 1996, is affirmed; and it is further,

Ordered that the respondents appearing separately and filing separate briefs are awarded one bill of costs.

The appeal from the intermediate order entered July 15, 1996, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from that order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

We agree with the Supreme Court that the plaintiff's attorney twice violated the provisions of 22 NYCRR 125.1 (g). The first violation occurred on January 29, 1996, when the plaintiff's attorney did not appear or produce substitute trial counsel, despite the fact that the trial had been scheduled nine months earlier, in April 1995. The second violation occurred on May 30, 1996, after the trial had been postponed for four months. In addition, the court granted several short adjournments and repeatedly warned the attorney that the action would be dismissed if he did not appear. Under these circumstances, the Supreme Court did not improvidently exercise its discretion when it dismissed the action with prejudice and subsequently denied the plaintiff's motion to vacate the dismissal (*see,* 22 NYCRR 125.1 [g]; CPLR 5015 [a] [1]; *Clarke v New Rochelle Hosp. Med. Ctr.,* 149 AD2d 559; *Ford v Village of Croton-on-Hudson,* 140 AD2d 666). O'Brien, J. P., Pizzuto, Friedmann and Krausman, JJ., concur.