■ FOREST BAY CONSTRUCTION OF NEW YORK, INC., Respondent, v DIRECTOR DOOR CORP. et al., Appellants. [707 NYS2d 329] —In an action, *inter alia*, to recover damages for abuse of process, the defendant Director Door Corp. and the defendants Roberts & Roberts and Daniel J. Roberts separately appeal from (1) an order of the Supreme Court, Nassau County (Joseph, J.), dated January 14, 1999, which denied their respective motions to vacate a judgment of the same court (Roberto, J.), entered June 22, 1998, upon their default in appearing at trial, and (2) an order of the same court, dated March 29, 1999, which denied their respective motions for reargument and renewal.

Ordered that the order dated January 14, 1999, is modified, on the law, by deleting the provision thereof denying those branches of the defendants' motions which were to vacate so much of the judgment as awarded the plaintiff damages for emotional distress, as well as an attorney's fee thereon, and substituting therefor a provision granting those branches of the motions, and vacating those parts of the judgment; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for the entry of an appropriate amended judgment; and it is further,

Ordered that the appeals from so much of the order dated March 29, 1999, as denied those branches of the defendants' motions which were for reargument are dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,

Ordered that the appeals from so much of the order dated March 29, 1999, as denied those branches of the defendants' motions which were to renew those branches of their prior motions which were to vacate so much of the judgment as awarded damages for emotional distress, as well as attorneys' fees thereon, are dismissed as academic, without costs or disbursements, in light of our determination on the appeal from the order dated January 14, 1999; and it is further,

Ordered that the order dated March 29, 1999, is affirmed insofar as reviewed, without costs or disbursements.

The Supreme Court providently exercised its discretion in denying the defendants' motion to vacate the judgment entered upon their default in appearing at trial, except to the extent that the judgment awarded damages for emotional distress. The defendants failed to provide a reasonable excuse for their default and a meritorious defense to the plaintiff's claims (*see, Rodriguez v Read,* 266 AD2d 271; *P & K Marble v Pearce,* 168

AD2d 439). However, the judgment improperly included a provision awarding the plaintiff, a corporation, damages for emotional distress (*see, Perry v Manocherian,* 675 F Supp 1417; *Friendship, Inc. v Wellman Wu,* 166 Misc 2d 352). Accordingly, the order dated January 14, 1999, should be modified by granting the defendants' motions to the extent of opening their default to strike the provision of the judgment awarding damages for emotional distress (*see, French v French,* 260 AD2d 430; *Shier v Shier,* 88 AD2d 638). The related award of an attorney's fee thereon must also be modified.

The appellants' remaining contentions are without merit. O'Brien, J. P., Sullivan, Goldstein and H. Miller, JJ., concur.