■ KATHLEEN DONAGHY, Respondent, v THOMAS DONAGHY, Appellant. [741 NYS2d 887] —In a matrimonial action in which the parties were divorced by judgment dated January 23, 2001, the defendant appeals from an order of the Supreme Court, Westchester County (Dillon, J.), dated November 19, 2001, which denied that branch of his motion which was to vacate his default in appearing at trial.

Ordered that the notice of appeal from a decision dated March 29, 2001, is deemed a premature notice of appeal from the order dated November 19, 2001; and it is further,

Ordered that the order is affirmed, without costs or disbursements.

Although the courts have adopted a liberal policy with respect to vacating defaults in matrimonial actions, the defaulting party is still required to show a reasonable excuse and a meritorious defense (see McGusty v McGusty, 268 AD2d 508; Baumer v Baumer, 268 AD2d 495). Here, the court providently exercised its discretion in denying the defendant's motion to vacate his default because he failed to offer a reasonable excuse for his failure to appear at trial (see McGusty v McGusty, supra; Sidi v Sidi, 260 AD2d 566). Altman, J.P., Smith, Krausman, McGinity and Cozier, JJ., concur.

■ COLLEEN DORFMAN, Respondent, v PETRA GURTNER, Appellant, et al., Defendants. [741 NYS2d 887] —In an action, inter alia, to recover damages for medical malpractice, the defendant Petra Gurtner appeals from an order of the Supreme Court, Kings County (Barron, J.), dated November 26, 2001, which denied her motion to quash a judicial subpoena.

Ordered that the order is affirmed, with costs.

Under the circumstances of this case, the Supreme Court correctly denied the motion by the defendant Petra Gurtner to quash the judicial subpoena served upon her. Ritter, J.P., Altman, Adams and Crane, JJ., concur.