■ Nicholas Pacinello, Respondent, v Scott R. Cohen, Appellant. [834 NYS2d 307]—

In an action, inter alia, to recover damages for legal malpractice, the defendant appeals (1) from a judgment of the Supreme Court, Suffolk County (Burke, J.), dated August 11, 2004, which, upon the denial of that branch of his motion which was to dismiss the first cause of action pursuant to CPLR 3211 (a) (1) and (7), and upon the denial of his motion pursuant to CPLR 5015 (a) (1) to vacate his defaults in failing to appear for trial on the first cause of action and in failing to appear at the subsequent inquest on damages, is in favor of the plaintiff and against him in the principal sum of $12,769.10, and (2), as limited by his brief, from so much of an order of the same court entered July 14, 2005, as denied those branches of his motion which were to vacate the judgment for failure to comply with 22 NYCRR 202.48 or, in the alternative, for failure to comply with CPLR 3215 (g).

Ordered that the judgment is affirmed; and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The defendant did not offer a reasonable excuse for his failure to appear at trial on November 18, 2003 and his subsequent failure to appear at the inquest on damages on November 25, 2003. Thus, the Supreme Court providently exercised its discretion in denying his motion pursuant to CPLR 5015 (a) (1) to vacate his defaults (see Donaghy v Donaghy, 294 AD2d 329 [2002]; see also Rajn Corp. v L&S Constr. Co., Inc., 19 AD3d 158 [2005]; Time Warner City Cable v Tri State Auto, 5 AD3d 153 [2004]; Liselli v Stonig, 300 AD2d 549 [2002]).

Moreover, the court properly denied that branch of the defendant's motion which was to dismiss the first cause of action pursuant to CPLR 3211 (a) (1) and (7) (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]; Corrado v Rubine, 25 AD3d 748 [2006]).

After the defendant failed to appear on the scheduled trial date, he was notified that the case would be placed on the calendar one week later for an inquest on damages. Moreover, after the defendant's efforts to vacate his defaults proved unsuccessful, he was given notice, on or about April 13, 2004, that judgment would be entered against him on or after May 1, 2004.

Under these circumstances, the defendant has no grounds to complain of lack of notice pursuant to CPLR 3215 (g) (1).

Finally, the court properly determined that the judgment was not entered in violation of 22 NYCRR 202.48 (a) (*see Funk v Barry,* 89 NY2d 364 [1996]). Schmidt, J.P., Spolzino, Krausman and Fisher, JJ., concur.