■ In the Matter of GOVERNMENT EMPLOYEES INSURANCE COMPANY, Respondent, v DAE-HEE LEE et al., Appellants. [911 NYS2d 168]—

In a proceeding pursuant to CPLR article 75 to stay the arbitration of an uninsured motorist claim, the appeal is from an order of the Supreme Court, Queens County (Rios, J.), entered October 8, 2009, which denied the motion of Dae-Hee Lee and Yon Sun Yi, in effect, to vacate their default in appearing at a hearing.

Ordered that the order is affirmed, with costs.

After the matter appeared on the Supreme Court's calendar for a framed-issue hearing on February 11, 2008, April 14, 2008, and July 15, 2008, the matter was adjourned to September 16, 2008. On September 16, 2008, even though the petitioner was ready to proceed with the hearing, the matter was adjourned to January 27, 2009, because the appellants' attorney of record was not ready to proceed. On January 27, 2009, neither the appellants' attorney of record nor their trial counsel appeared, and neither advised the Supreme Court or the petitioner in advance of any need for an adjournment. Instead, the appellants' trial counsel sent an outside attorney on his behalf only to obtain an adjournment, but that attorney arrived more than one hour after the commencement time scheduled for the hearing, and 10 minutes after the hearing had actually begun. Only after the completion of the hearing did that attorney orally inform the Supreme Court that trial counsel's law firm had dissolved, and request an adjournment or a continuance of the hearing. The Supreme Court declined to grant an adjournment or a continuance.

More than four months after the completion of the hearing, the appellants moved, in effect, to vacate their default in appearing at the hearing. To vacate their default, the appellants were required to demonstrate a reasonable excuse for their default and a potentially meritorious defense to the petition (*see* CPLR 5015 [a] [1]; *Pacinello v Cohen*, 39 AD3d 727 [2007]; *Conserve Elec., Inc. v Tulger Contr. Corp.*, 36 AD3d 747 [2007]; *Matter of United States Auto. Assn. v Steiger*, 191 AD2d 496 [1993]; *Forest Bay Constr. of N.Y. v Director Door Corp.*, 271 AD2d 484 [2000]). Here, trial counsel's bare assertion that he had "several matters on that day," and his failure to explain when his firm was dissolved, were insufficient to establish a reasonable excuse, particularly since he had received notice far in advance of the hearing date in accordance with the provisions of 22 NYCRR 125.1 (g) (*see Malachi v Good Samaritan Hosp.*, 245 AD2d 492, 493 [1997]; *Foster v Gherardi*, 201 AD2d 701, 702 [1994]; *P & K Marble v Pearce*, 168 AD2d 439 [1990]; *Clarke v New Rochelle Hosp. Med. Ctr.*, 149 AD2d 559 [1989]). Accordingly, the Supreme Court providently exercised its discretion in denying the appellants' motion, in effect, to vacate their default in appearing at the hearing. In light of this conclusion, we need not consider whether the appellants established a potentially meritorious defense to the petition (*see Matter of Travelers Prop. Cas. Corp. v Bocharova*, 2 AD3d 533, 534 [2003]). Skelos, J.P., Santucci, Angiolillo, Hall and Roman, JJ., concur.