■ In the Matter of ROYAL LEISURE, Respondent, v TLAM, INC., et al., Appellants. [967 NYS2d 104]—

In a proceeding pursuant to CPLR article 75 to confirm an arbitration award, TLAM, Inc., and Lauretta Frazer appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Whelan, J.), dated October 13, 2011, as, upon reargument, denied their motion to vacate their default in appearing at an arbitration.

Ordered that the order is affirmed insofar as appealed from, with costs.

To vacate their default in appearing at an arbitration, TLAM, Inc., and Lauretta Frazer (hereinafter together the TLAM defendants) were required to demonstrate a reasonable excuse for their nonappearance at an arbitration and a potentially meritorious defense (see CPLR 5015 [a] [1]; Matter of Government Empls. Ins. Co. v Dae-Hee Lee, 78 AD3d 944 [2010]; Matter of Hye-Young Chon v Country-Wide Ins. Co., 22 AD3d 849 [2005]). Whether an excuse is reasonable is a determination within the sound discretion of the court (see Matter of Hye-Young Chon v Country-Wide Ins. Co., 22 AD3d at 849; Abrams v City of New York, 13 AD3d 566 [2004]).

The TLAM defendants argue that they had a reasonable excuse for their nonappearance at the arbitration because Frazer was not personally served with the demand for arbitration, and that they had a potentially meritorious defense because they had never agreed to arbitrate any dispute. However, the TLAM defendants were subject to a security agreement dated June 27, 1997, between Miro Enterprises, LLC, and the previous owner of the business now owned by the TLAM defendants, which provided that all disputes between the parties were to be settled by arbitration, and that demands for arbitration could be served by certified mail. Since the demand for arbitration was properly served upon the TLAM defendants by certified mail, the TLAM defendants had neither a reasonable excuse for failing to appear at the arbitration, nor a potentially meritorious defense. Accordingly, the Supreme Court providently exercised its discretion in denying the TLAM defendants' motion to vacate the default. Skelos, J.P., Dillon, Dickerson and Chambers, JJ., concur.