■ In the Matter of Allstate Insurance Company, Appellant, v Szczepan Grodzki et al., Respondents, et al., Respondent. [977 NYS2d 388]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of an uninsured motorist claim, the petitioner appeals from an order of the Supreme Court, Suffolk County (Farneti, J.), dated October 12, 2012, which granted the motion of Szczepan Grodzki, inter alia, pursuant to CPLR 5015 (a) (1) to vacate a judgment of the same court dated January 24, 2011, granting the petition upon his default in appearing at a framed-issue hearing.

Ordered that the order is affirmed, with one bill of costs.

To vacate his default, Szczepan Grodzki was required to demonstrate a reasonable excuse for failing to appear at a framed-issue hearing and a potentially meritorious defense to the petition (*see* CPLR 5015 [a] [1]; *Matter of Royal Leisure v TLAM, Inc.*, 107 AD3d 721 [2013]; *Matter of Government Empls. Ins. Co. v Dae-Hee Lee*, 78 AD3d 944, 945 [2010]). Here, the Supreme Court providently exercised its discretion in determining that Grodzki's "law office failure" explanation for his nonappearance constituted a reasonable excuse (CPLR 2005; *see Matter of Nahum v Mansour*, 109 AD3d 548, 549 [2013]; *Green Apple Mgt. Corp. v Aronis*, 55 AD3d 669 [2008]). Furthermore,

Grodzki demonstrated the existence of a potentially meritorious defense to the petition (*see generally Matter of Metropolitan Prop. & Cas. Ins. Co. v Singh*, 98 AD3d 580, 581 [2012]; *Matter of American Intl. Ins. Co. v Giovanielli*, 72 AD3d 948, 949 [2010]).

The petitioner's remaining contention is without merit.

Accordingly, the Supreme Court properly granted Grodzki's motion, inter alia, pursuant to CPLR 5015 (a) (1) to vacate the judgment dated January 24, 2011, granting the petition upon his default in appearing at the framed-issue hearing. Mastro, J.P., Rivera, Leventhal and Chambers, JJ., concur.