Matter of Progressive Direct Ins. Co. v Spicer (2018 NY Slip Op 06914)





Matter of Progressive Direct Ins. Co. v Spicer


2018 NY Slip Op 06914


Decided on October 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
SANDRA L. SGROI
JOSEPH J. MALTESE, JJ.


2016-08034
 (Index No. 502415/15)

[*1]In the Matter of Progressive Direct Insurance Company, appellant, 
v
Tyrone Spicer, respondent.


Morris Duffy Alonso & Faley, New York, NY (Iryna S. Krauchanka and Andrea M. Alonso of counsel), for appellant.
Joel M. Gluck, New York, NY, for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for uninsured motorist benefits, the petitioner appeals from an order of the Supreme Court, Kings County (Martin M. Solomon, J.), dated July 7, 2016. The order, inter alia, granted the respondent's motion to vacate an order of the same court dated May 21, 2015, which, upon the respondent's failure to appear for a hearing, granted the petition and permanently stayed arbitration.
ORDERED that the order dated July 7, 2016, is modified, on the law, by deleting the provision thereof referring the parties to the Intake Part for a preliminary conference; as so modified, the order is affirmed, with costs to the respondent.
The respondent sought uninsured motorist benefits after he allegedly was injured in a hit-and-run motor vehicle accident. The petitioner, Progressive Direct Insurance Company (hereinafter Progressive), commenced this proceeding pursuant to CPLR article 75 to permanently stay arbitration of the respondent's claim. The respondent failed to appear for the hearing on the petition. In an order dated May 21, 2015, the Supreme Court, upon the respondent's default, granted the petition and permanently stayed arbitration. The respondent moved to vacate the default. In an order dated July 7, 2016, the court granted the motion, directed the parties to complete discovery, directed the respondent to comply with Progressive's prior demands for certain documents, and referred the parties to the Intake Part for a preliminary conference. Progressive appeals.
We agree with the Supreme Court's determination granting the respondent's motion to vacate the default. The respondent was required to demonstrate a reasonable excuse for the default and a potentially meritorious defense to the petition (see CPLR 5015[a][1]; Matter of Allstate Ins. Co. v Grodzki, 112 AD3d 919, 919; Matter of Royal Leisure v TLAM, Inc., 107 AD3d 721, 721). The court providently exercised its discretion in determining that the respondent demonstrated a reasonable excuse for his default in appearing based on law office failure and the medical condition of his counsel's wife (see Amato v Commack Union Free School Dist., 32 AD3d 807, 807-808; Low Surgical & Med. Supply, Inc. v McAfee, 15 AD3d 547). Furthermore, the respondent demonstrated the existence of a potentially meritorious defense to the petition (see Matter of Allstate Ins. Co. v Grodzki, 112 AD3d at 920; see generally Matter of New York Cent. Mut. Fire Ins. Co. v Rafailov, [*2]41 AD3d 603, 604-605).
Although we agree with the Supreme Court's determination directing the parties to complete discovery and directing the respondent to comply with Progressive's prior demands, the court should not have referred the parties to the Intake Part for a preliminary conference. Accordingly, we modify the order by deleting the provision thereof referring the parties to the Intake Part for a preliminary conference.
MASTRO, J.P., CHAMBERS, SGROI and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court