■ Jacob Haberman, Respondent, v David Simon et al., Appellants, et al., Defendants. [798 NYS2d 905]—Order, Supreme Court, New York County (Walter B. Tolub, J.), entered January 2, 2004, which granted plaintiff's motion to confirm the Special Referee's report, dated June 12, 2003, and found service of the summons and verified complaint to have been properly made on defendants-appellants David Simon and Jeffrey Simon on January 22, 1998, and denied appellants' cross motion to reject the

report and to vacate their default, unanimously modified, on the law, to grant appellants' motion, insofar as it seeks relief pursuant to CPLR 5015, only to the extent of vacating the amended judgment, same court (Dominick Viscardi, J.), entered on default on or about October 28, 1999, and directing entry of judgment in favor of plaintiff and against appellants and defendant Roger Kaiser, jointly and severally, in the sum of $94,500 on the third and fourth causes of action in the verified complaint, plus counsel fees in the sum of $39,139.78, with statutory interest and costs and disbursements, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.

While the motion court properly confirmed the Special Referee's report and found that personal service of the summons and verified complaint had been properly made on January 22, 1998, it should nevertheless have vacated the amended default judgment to the extent that it awarded damages on the third and fourth causes of action in excess of the amount sought in the complaint and trebled those damages upon a finding that defendants' systematic nonpayment of rent had violated the Racketeer Influenced and Corrupt Organizations Act (RICO) (18 USC § 1961 *et seq.*), for which there is simply no basis in the record.

We have considered the parties' other contentions, including their waiver and jurisdictional arguments, and find them unavailing. Concur—Buckley, P.J., Mazzarelli, Andrias, Saxe and Friedman, JJ.