Midland Min. Ltd. v Frank (2024 NY Slip Op 50313(U))

[*1]

Midland Min. Ltd. v Frank

2024 NY Slip Op 50313(U)

Decided on March 15, 2024

Supreme Court, Albany County

Platkin, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 15, 2024
Supreme Court, Albany County

Midland Mining Limited, Plaintiff,

against
Stephen C. Frank, 176 Ridge Street, LLC, CMN Real Estate Group, Inc., CMN Funding, LLC, Sun State Properties, LLC, Glens Falls Re Holdings Inc., Pinheads of Schenectady, Inc., Defendants.

Index No. 906912-22

Magguilli Law Firm, PLLC
Attorneys for Plaintiff
(Lawrence P. Magguilli, of counsel)
14 Corporate Woods Boulevard
Albany, New York 12211
Law Office of Michael P. Chenel
Attorneys for Defendants
(Michael P. Chenel, of counsel)
1568 Central Avenue, Floor 1
Albany, New York 12205

Richard M. Platkin, J.

Plaintiff Midland Mining Limited ("MML") commenced this action on September 15, 2022 (see NYSCEF Doc No. 1 ["Complaint"]), seeking to recover $265,000 in deposits paid to defendant Stephen C. Frank and affiliated entities, together with treble damages, interest and costs pursuant to, among other things, the Racketeer Influenced and Corrupt Organizations Act (see 18 USC § 1961, et seq. ["RICO"]).
Following a number of unsuccessful attempts to serve Frank at his last known residence and at his place of business, MML moved under CPLR 308 (5) for leave to serve Frank by alternate means (see NYSCEF Doc Nos. 14-20). The Court granted the motion on November [*2]22, 2022, directing service upon Frank by mailing the summons and complaint to a mailbox associated with him (see NYSCEF Doc No. 24 ["Service Order"]).
MML served Frank in accordance with the Service Order on November 23, 2022 (see NYSCEF Doc No. 31). All other defendants had been served on September 19, 2022 through the Secretary of State (see NYSCEF Doc No. 28). 
On February 2, 2023, MML filed an application with the Albany County Clerk pursuant to CPLR 3215 (a) for entry of a default judgment on the RICO claim (see NYSCEF Doc Nos. 25-33). The County Clerk entered a default judgment on March 21, 2023 against all defendants in the total sum of $927,747.16, representing the $265,000 in deposits, trebled, together with prejudgment interest ($131,732.16) and costs ($1,015) (see NYSCEF Doc No. 35 ["Judgment"]).By Order to Show Cause dated November 21, 2023, defendants move to vacate the Judgment, arguing that they have a reasonable excuse for the default and a meritorious defense to the RICO claim (see NYSCEF Doc No. 37-42). MML opposes the motion. 
DISCUSSION
Initially, the motion purportedly is made on "behalf of all named defendants" (NYSCEF Doc No. 40 ["Frank Aff."], ¶ 1). However, the arguments made in support of vacatur pertain solely to Frank, who was served by alternate means, not the entity-defendants served via the Secretary of State (see id., ¶¶ 6-7 [Frank asking to "forgive my default" because "I do not check this P.O. Box very often and received the mail too late to file an answer"]). No argument is made that the entity-defendants did not receive the summons and complaint in time to defend against this action or that they otherwise have a reasonable excuse for their default in appearance.
On the merits, Frank appears to rely on CPLR 5015 (a) (1), which permits vacatur of a default judgment upon showing of "both a reasonable excuse for [the] failure to timely answer and the existence of a potentially meritorious defense to the underlying cause[] of action" (Luderowski v Sexton, 152 AD3d 918, 919 [3d Dept 2017]). "The determination of whether to vacate a default judgment is within the discretion of the trial court" (Capital Compost & Waste Reduction Servs., LLC v MacDonald, 73 AD3d 1311, 1312 [3d Dept 2010] [citation omitted]).
A. Reasonable Excuse
In his moving affidavit, Frank admits that the summons and complaint were delivered to his mailbox, as directed by the Service Order, but Frank claims that he "doe[s] not check this P.O. Box very often and received the mail too late to file an answer" (Frank Aff., ¶ 6; see also NYSCEF Doc No. 37 ["Chenel Aff."], ¶ 2). However, Frank does not indicate how often he checks the mailbox or when he actually retrieved the initiatory papers from the mailbox. 
In regard to the latter point, MML submits proof that on December 12, 2022, Frank called the office of MML's counsel to advise that he had received the initiatory papers in his P.O. Box, and that his current counsel would be defending against this action (see NYSCEF Doc Nos. 50 [affidavit] & 45 [text messages]). Those communications were only 19 days after Frank had been served at his P.O. Box (see NYSCEF Doc No. 31) and still within his time to answer the Complaint (see CPLR 320 [a]). This uncontroverted proof demonstrates that Frank lacks a reasonable excuse for his default.[FN1]

Although not invoked by Frank, the same proof establishes that relief under CPLR 317 is not available to Frank because he personally received notice of this action in time to defend against it (see Matter of CCAP Auto Lease Ltd. v Savannah Car Care, Inc., 211 AD3d 1210, 1212 [3d Dept 2022]).
The Court therefore concludes that Frank has failed "to demonstrate a reasonable excuse for [his] default" under CPLR 5015 (a) (1) or his "lack of actual notice of the action in time to defend for the purpose of CPLR 317" (Goldfarb v Zhukov, 145 AD3d 757, 758-759 [2d Dept 2016]; see CCAP, 211 AD3d at 1212-1213).
B. Meritorious Defense
Frank argues that he has "a valid defense to the default judgment, and specifically the amount of the judgment, obtained by the plaintiff" (Frank Aff., ¶ 7).
Preliminarily, given Frank's failure to demonstrate a reasonable excuse for his default or lack of notice of the suit in time to defend, the Court need not reach the merits of his potential defenses (see CCAP, 211 AD3d at 1214; Historic Pastures Homeowners Assn., Inc. v Ace Holding, LLC, 167 AD3d 1389, 1391 [3d Dept 2018]). Nevertheless, because Frank also contends that the damages awarded by the Clerk on the RICO claim, including treble damages, are "not subject to the sum certain calculation and can not result in a default judgment" under CPLR 3215 (a) (Frank Aff., ¶ 3; see Chenel Aff., ¶¶ 3-7), the Court will address his contentions.
Frank first argues that a RICO claim "require[s] a finding of fraud, and also a concomitant finding that wire or mail was used in furtherance of the fraud" (Chenel Aff., ¶ 5). However, Frank does not argue that the Complaint fails to plead the requisite elements of a claim under RICO (cf. Abraham v Torati, 219 AD3d 1275, 1281-1282 &1286 [2d Dept 2023]),[FN2]
and a defaulting defendant like Frank is "deemed to have admitted all factual allegations contained in the complaint and all reasonable inferences that flow from them" (Woodson v Mendon Leasing Corp., 100 NY2d 62, 71 [2003]).
As such, Frank admitted the liability allegations of the RICO claim through his default. And Frank cites no authority for a proposition that default judgments may not be entered on RICO claims. Indeed, as observed by MML, the opposite is true (see e.g. American Transit Ins. Co. v Bilyk, 546 F Supp 3d 192, 204 [ED NY 2021]; Loop Prod. v Capital Connections LLC, 797 F Supp 2d 338, 350-351 [SD NY 2011]).
Next, contrary to Frank's assertion, the damages awarded on the RICO claim were for a "sum certain" within the meaning of CPLR 3215 (a). The term "sum certain" in this context "contemplates a situation in which, once liability has been established, there can be no dispute as to the amount due" (Reynolds Sec. v Underwriters Bank & Tr. Co., 44 NY2d 568, 572 [1978]). 
Here, MML sought to recover $265,000 in deposits that defendants wrongfully retained (see Chenel Aff., ¶ 6; Qiang Tu v Li Shen, 190 AD3d 1125, 1128 [3d Dept 2021]). And RICO expressly provides that an injured plaintiff "shall recover threefold the damages [it] sustains" (18 USC § 1964 [c]). Thus, "[u]nder RICO, treble damages are mandatorily assessed upon the finding of liability" (Resolution Tr. Corp. v S & K Chevrolet, 868 F Supp 1047, 1062 [CD Ill 1994]; accord Wimbledon Fin. Master Fund, Ltd. v Weston Capital Mgt. LLC, 2019 WL 6716377, *9 [Sup Ct, NY County 2019]; see Allstate Ins. Co. v Harvey Family Chiropractic, Physical Therapy & Acupuncture, 2018 WL 8544440, *16 [ED NY 2018]; cf. Haberman v Simon, 20 AD3d 302, 303 [1st Dept 2005]). As such, the damages of $795,000 sought by MML, representing the trebling of the $265,000 in wrongfully withheld deposits, are for a "sum certain" (CPLR 3215 [a]). 
However, the Court concludes that the Clerk's award of prejudgment interest was not proper. "As opposed to New York law, which provides mandatory prejudgment interest [on fraud damages], the federal RICO statute 'does not contain any provisions concerning the award of prejudgment interest,'" thereby leaving the issue to the sound discretion of the court (Allstate, 2018 WL 8544440, *17, quoting Abou-Khada v Manshie, 4 F3d 1071, 1084 [2d Cir 1993]; cf. CPLR 5001 [a]; 5004; NYSCEF Doc No. 26, ¶¶ 13-16). Thus, the portion of the Judgment representing prejudgment interest was not for a "sum certain" under CPLR 3215 (a), and the Court therefore must decide the issue.
Relying on the mandatory trebling of damages, courts in the Second Circuit "have found that awarding prejudgment interest on RICO damages [generally] is inappropriate or unnecessary to fairly compensate a successful plaintiff" (Allstate, 2018 WL 8544440, *17 [collecting cases]; see also Wimbledon, 2019 WL 6716377, *9). This Court finds the reasoning of these cases to be persuasive and, in the exercise of discretion, declines to award prejudgment interest to MML. Accordingly, the Judgment must be vacated to this limited extent.
CONCLUSION
Based on the foregoing, it is
ORDERED that defendants' motion to vacate a default judgment is granted to the limited extent of vacating the award of prejudgment interest in the sum of $131,732.16, resulting in the reduced judgment amount of $796,015 ($795,000 plus costs of $1,015); and it is further
ORDERED that the Clerk of the Court is directed to enter an amended judgment in accordance with the foregoing.
This constitutes the Decision & Order of the Court, the original of which is being uploaded to NYSCEF for entry by the Albany County Clerk. Upon such entry, counsel for plaintiff shall promptly serve notice of entry on all parties entitled thereto.
Dated: March 15, 2024
Albany, New York
RICHARD M. PLATKIN
A.J.S.C.
Papers Considered:
NYSCEF Doc Nos. 37-53.[FN3]

Footnotes

Footnote 1: MML also served Frank with additional notice of the lawsuit under CPLR 3215 (g) (3) on December 28, 2022 by mailing the summons to the same mailbox, as well as to the address previously associated with Frank (see NYSCEF Doc No. 32). Still, Frank did not appear or seek an extension of time to answer, and it took him almost eight (8) months to seek vacatur of the Judgment (see NYSCEF Doc No. 43, ¶ 52; see also NYSCEF Doc No. 46 [emails between plaintiff's counsel and Frank's counsel]).

Footnote 2: In any event, the Court concludes that the Complaint adequately alleges all of the elements under RICO, including at least two predicate acts within the past 10 years (see Complaint, ¶¶ 224-251; see generally Moss v Morgan Stanley Inc., 719 F2d 5, 17 [2d Cir 1983]; Allstate Ins. Co. v Aminov, 2014 WL 527834, *5 [ED NY 2014]).

Footnote 3:The Court takes judicial notice of the prior proceedings and filings in this matter (see Matter of Shirley v Shirley, 101 AD3d 1391, 1394 [3d Dept 2012]; see also CPLR 2214 [c]).